## Baltimore and Ohio Southwestern Railway Co.

*v.*

## George Keck.

*Opinion filed April 17, 1900.*

1. Appeals and errors—*when error is harmless.* Error in refusing to instruct the jury to disregard certain counts in the declaration is harmless if there is one good count to which the evidence is applicable and which is sufficient to sustain the judgment.

2. Pleading—*when defects in pleading are cured by verdict.* Defects and omissions in pleadings, in substance or form, which would have been available on demurrer, are cured by verdict, where the issues joined are such as necessarily require proof of the facts so defectively presented, and without which proof it is not to be presumed the court would have directed or the jury returned the verdict.

3. Railroads—*prior notice to repair farm crossing not necessary to a recovery for injuries from defects.* A prior notice to a railroad company to repair a farm crossing is not essential to the right of recovery for injuries resulting from its defective condition, since the purpose of the statute (Rev. Stat. 1874, sec. 3, p. 808,) as to notice is to enable the owner of the land to recover double the value of repairs made by him in case the railroad company fails to repair.

4. Same—*crossing track ahead of approaching train—what is not negligence.* It is not negligence, as a matter of law, for one to attempt to cross a railroad track ahead of a train which he sees approaching, if he has an apparently reasonable time in which to cross.

5. Costs—*when entering of rule to give bond for costs is discretionary.* The filing of a bond for costs in a personal injury case prosecuted for a minor by next friend is not a jurisdictional pre-requisite, and where a motion for such bond is made on the day set for hearing, without excuse for the delay, its allowance is discretionary.

6. Trial—*when objection to direction to return sealed verdict should be made.* Direction by the court to the jury, in the presence of counsel, that if they agreed upon a verdict they should put it in writing, sign it and deliver it in a sealed envelope to the officer in charge, should be objected to at the time, in order to preserve the question of the right to have the jury polled.

*B. & O. S. W. Ry. Co. v. Keck,* 84 Ill. App. 159, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. M. W. Schaefer, Judge, presiding.

HAMILL & LESTER, KRAMER, CREIGHTON & SCHAEFER, and SILAS COOK, for appellant.

ROPIEQUET, PERRIN, BAKER & CANBY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action for a personal injury, begun by George Keck, a minor, in the circuit court of St. Clair county, against the Baltimore and Ohio Southwestern Railway Company. A trial by jury resulted in a verdict of $5000 for plaintiff. Upon appeal to the Appellate Court for the Fourth District that judgment was affirmed, and the case is brought here upon further appeal.

The declaration contains six counts, the third charging willful and wanton negligence on the part of defendant, while the others allege, in substance, that the appellee, a boy about fourteen years old, residing with his father, Philip Keck, lived on a farm which the appellant's road crossed in an east and west line; that there was a private way leading from Philip Keck's house across the railway track to the highway on the south side of the farm; that where this private way crossed the track there was a farm crossing maintained by appellant, and that it was the duty of appellant, under the statute, to keep the crossing in safe repair for those using it and residing on said farm; that appellant suffered it to become out of repair and unsafe for such use, in this, that the planks were rotten, worn down and not securely fastened, and that the space between the edge of the plank and the north rail of the track was so wide as to be unsafe for those passing over it, and that in consequence of the condition of the crossing the foot of appellee, George Keck, while on his way to school and exercising due care in crossing the said track, became caught and fast in the space between said plank and the north rail of the track, and while so caught he was struck by appellant's train,

improperly and negligently managed, causing the loss of his right leg below the knee. To these counts the defendant pleaded the general issue, and then, at the close of all the evidence, presented to the court six instructions, one directed to each count, instructing the jury to disregard it. These instructions were refused, and the refusal is assigned as error.

It is said the instruction directed to the first count should have been given because that count fails to allege in what respect defendant was negligent, and that the second, fourth and fifth should have been given because the counts to which they were directed fail to disclose any right in the plaintiff to use the crossing. Error in refusing to instruct a jury to disregard certain counts in a declaration is harmless where there is one good count in the declaration to which the evidence is applicable and which is sufficient to sustain the judgment. Conceding these counts were subject to the criticisms urged, the fifth count, which was good and to which no objection is made, will sustain the judgment. (*Chicago and Alton Railroad Co.* v. *Anderson,* 166 Ill. 572; *Consolidated Coal Co.* v. *Scheiber,* 167 id. 539; *Illinois Central Railroad Co.* v. *Weiland,* 179 id. 609.) Moreover, the defects in these counts, although they might have been fatal on demurrer, are, under the proofs, cured by the verdict. Defects and omissions in pleadings, in substance or form, which would have been available on demurrer, are cured by the verdict where the issues joined are such as necessarily require proof of the facts so defectively presented, and without which proof it is not to be presumed that the court would have directed or the jury would have given the verdict. (*Consolidated Coal Co.* v. *Scheiber, supra,* citing *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 Ill. 161.) As was said in the *Scheiber case,* the ruling of the court in refusing to give the instructions in question was not a decision "that the counts of the declaration to which the instructions severally applied were faultless,

but only that they were sufficient, after issue joined and in view of the evidence then before the court and jury, to support a verdict and judgment for the plaintiff."

It is said error was committed in giving the third instruction for plaintiff, directed to the third count, which alleged willful and wanton negligence on the part of defendant, it being urged that there was no evidence whatever tending to support that count. Upon examining the evidence we cannot say, as a matter of law, the trial court erred in giving that instruction. Without undertaking to pass upon its weight, it cannot be said there was no evidence tending to support the issue joined upon that count.

Instructions were asked on behalf of defendant stating that under the statute a railroad company is not required to repair a farm crossing until after notice from the owner or occupant of the adjoining land that it is in need of repair, and that no recovery can be had for an injury resulting from the use of such a defective crossing in the absence of such notice given. No error was committed in refusing these instructions. Section 62 of chapter 114, (Hurd's Stat. 1897, p. 1249,) being an act approved March 31, 1874, provides that railroad corporations shall construct farm crossings "when and where the same may become necessary, for the use of the proprietors of the lands adjoining such railroad." Section 65 following, provides that whenever a railroad "shall neglect or refuse to build or repair  *  *  *  farm crossings,  *  *  *  the occupant of the lands adjoining  *  *  * may give notice in writing to such corporation  *  *  * to build  *  *  *  such farm crossings within thirty days (or repair said  *  *  *  farm crossings  *  *  *  within ten days) after the service of said notice." The next section provides that in case the building or repairing is not done as specified by the act, the occupant of the land may build or make the repairs and recover double value, etc., and costs of suit. The contention that the statute contemplates repairs to be made only after notice is

without merit. It is clear the duty to build or repair is placed upon the railroad company, without regard to the written notice mentioned in the subsequent section. When the company fails to perform that duty the occupant of the adjoining land may do the work himself, and the prior written notice is required only for the purpose of enabling him to recover from the company double the value of the improvement as his compensation, and also as a penalty against the company for its failure to make the improvement.

It is insisted the court committed error in refusing to give the 46th and 47th instructions asked by defendant. They tell the jury, in substance, that if appellee, as he approached the crossing, saw the train coming, it was his duty to stop and let it pass, and that if he attempted to cross in front of the approaching train he was guilty of negligence. These instructions do not state the law correctly. If one reasonably appears to have time to do so, although he may observe the train approaching, he may attempt to cross a railroad track without waiting. The evidence here does not tend to show that the injury was caused by reason of plaintiff not having time to cross in front of the approaching train, but from the fact that he caught his foot in the defective crossing. These instructions ignore the element of time, and the fact that the boy was, or might have been, prevented from getting across the track by being caught, and for these reasons were clearly misleading and improper.

Other questions are raised with reference to the giving and refusing of instructions, but we are satisfied no error was committed in that regard. Those given stated the law fairly, and as favorably to appellant as it could legally ask.

On the day of the trial a motion was made by appellant to require a cost-bond, inasmuch as appellee was suing by next friend. The record shows no action taken by the court upon the motion, and the case was not de-

layed on that account but the trial proceeded to verdict. Afterwards, a cross-motion, supported by affidavit, for leave to prosecute as a poor person, was filed and the motion allowed.  It is said that the court erred in proceeding to trial without compelling the filing of a cost bond.  From the record it is apparent the motion for cost bond was made on the same day the case was set for hearing, and no reason appears why the motion was made at so late a time.  It was a matter within the sound discretion of the court whether the rule should be then entered and the trial delayed.  At least no injury is here shown to have resulted to the defendant.  The filing of a bond for costs in a case of this kind is not, as counsel seem to urge, a jurisdictional pre-requisite. *Illinois Central Railroad Co.* v. *Latimer*, 128 Ill. 163.

At the close of the trial, it being on Friday and the last case in which the jurors would be needed for that term, the court, in the presence of counsel for defendant, told the jury if they agreed upon a verdict they should reduce it to writing, all sign it, place it in a sealed envelope, deliver it to the officer in charge and then be discharged from further attendance for the term.  No objection was made to this direction and it was followed by the jury.  Counsel now urge that the verdict was irregularly presented in court, the jury not being present and no opportunity given to poll the jury.  We have held in a similar case (*Powell* v. *Feeley*, 49 Ill. 143,) that failing to object to the course pursued by the court, at the proper time, waives the right to do so afterwards. A party cannot be allowed to remain silent, make no objection to the proceedings of the court, and then, after learning that the deliberations of the jury have resulted against him, make his objection for the first time.  Counsel contend the objection was made at the first opportunity.  We do not think so.  It should have been made when the direction was given to the jury, and at that time, as the record expressly shows, counsel for defend-

ant was present. They entered no protest whatever, but apparently acquiesced in the directions.

From a careful examination of the whole record we fail to find any ground for disturbing the judgment of the Appellate Court affirming that of the court below.

*Judgment affirmed.*