[No. 5014.]
[No. 2564 C. A.]

THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v. CAMPBELL.

1. **Negligence—Railroads—Speed of Train.**

The law places no restriction upon the rate of speed at which railroad trains may be run across the country outside of incorporated cities or towns which have prescribed a limit to such speed within such municipalities, and no rate of speed is per se negligence except where the law of the state, or municipal corporation authorized to do so, has prescribed a limit.

2. **Negligence—Railroads—Fencing Track—Instructions.**

In an action against a railroad company for damage for running over and killing a cow at a point three-quarters of a mile from a railroad station, and where the company had left the track unfenced for the convenience of shippers in approaching a side track for the purpose of loading grain, stock, etc., an instruction that negligence could not be predicated upon the failure of the railroad company to fence its track at the point where the cow was killed was correct.

*Appeal from the County Court of Arapahoe County: Hon. Ben B. Lindsey, Judge.*

Messrs. WOLCOTT, VAILE & WATERMAN, Mr. W. W. FIELD and Mr. W. N. VAILE, for appellant.

Mr. JUSTICE GODDARD delivered the opinion of the court.

Action brought by appellee against the appellant to recover the value of a cow killed by a locomotive engine operated by the employees of the appellant. From the evidence it appears that on the 9th of July, 1900, the appellee was carrying on the dairy

business on a farm a mile and a half west of Barr, Colorado, and the same distance from the railroad of appellant; that he was in the habit of allowing his cows to run at large in that vicinity.  On the evening of that day his cattle were grazing on the appellant's right of way three-quarters of a mile southwest of ·Barr station.  The track of appellant is fenced outside of the station limits, but is unfenced within such limits in order that shippers may approach the side track located there for the purpose of loading grain, stock, etc.  The engineer testified that when he first observed the cattle a half a mile down the track he was running at the usual rate of fifty miles an hour; that none of the cows were on the track, but were grazing on both sides; that he immediately began to reduce the speed of the train by means of the air brakes, so as to get the train under control, and had reduced the speed to five miles an hour when he saw the cow which was killed approaching the track; that he then applied the brakes with full force, but that she went onto the track not exceeding 50 or 60 feet in front of the engine, and that it was impossible to stop in that distance.

This evidence is corroborated by the fireman, and there is no evidence to the contrary.  It also appears that an alarm bell is started at Denver and rings continually while the train is in motion, and was so ringing when the train passed the point where the animal was crossing the track; that the engineer blew the station whistle one mile from the Barr station— about one-quarter of a mile from the place where this animal was struck—and that the stock alarm was blown for this particular cow when she started to cross the track.

In answer to special questions submitted, the jury found that the appellant was in fault in three particulars:  First, that the engineer discovered the

cow on the track in time to avoid injury to her; second, was negligent in running the train at the speed shown by the evidence; third, in failing to fence the track at the point where the cow was killed.

These answers plainly disclose that the jury utterly disregarded the evidence introduced, and in two instances, at least, ignored the instructions given by the court. They were expressly instructed that negligence on the part of the appellant could not be predicated upon the running of the train at any rate of speed consistent with its duty to the public as a common carrier. In the circumstances of this case, this was a correct statement of the law. A railroad company has a right to run its trains at any speed it may deem proper when they are not passing through an incorporated city or town which is authorized to and has prescribed the limit of speed within such municipality. The law places no restriction upon the rate of speed at which trains may run across the country, and no rate of speed is, *per se,* negligence except where the law of the state or municipal corporation authorized to do so prescribes a limit.— *Mayor v. The A. & P. R. R. Co.,* 64 Mo. 267; *Doggett v. R. R. Co.,* 81 N. C. 459; *Warner v. N. Y. & C. R. R. Co.,* 44 N. Y. 465; *Chicago, B. & Q. R. R. Co. v. Grablin,* 38 Neb. 90.

The jury were also correctly instructed that negligence could not be predicated upon the failure of the appellant to fence its track at the point where the cow was alleged to have been killed, yet in face of this instruction the jury say that the company was negligent in this respect, and evidently base their general verdict upon their mistaken notion that the company was in fault in these particulars. There is certainly no evidence to sustain their finding that the engineer discovered the cow on the track in time to avoid injury to her. On the contrary, the evidence

is undisputed that the engineer used all possible effort to stop the train after the animal went upon the track, and did all within his power to avoid the injury.

It is unnecessary to discuss the other objections urged against the judgment, since those noticed are fatal to a recovery in this case. The court below erred in' refusing to direct a verdict in favor of appellant. The judgment is reversed.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.