No. 11,097.

SMITH, ET AL. v. WINDSOR RESERVOIR & CANAL CO.

Decided October 19, 1925.      ·

Action by parents for death of their minor son.   Judgment of dismissal.

*Reversed.*

1. PLEADING—*Complaint—Death.*   Allegations of a complaint in an action by parents for the death of their minor son, reviewed and held to state a cause of action.

2. NEGLIGENCE—*Dangerous Premises—Children.*   Defendant corporation, if it permitted the minor son of plaintiffs to play on the bank of its reservoir, owed him the duty not to entrap him, and under the allegations of the complaint, if proven, would

be liable for his death, caused by the bank caving and precipitating him into the water where he was drowned.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Messrs. STOW & STOVER, Mr. W. K. LILLEY, for plaintiffs in error.

Mr. C. D. TODD, for defendant in error.

*Department One.*

MR. JUSTICE DENISON, sitting for MR. JUSTICE BURKE, delivered the opinion of the court.

THE plaintiffs in error were plaintiffs below and demurrer to their complaint for negligently causing the death of their minor son was sustained. They stood by it and bring error. The only question is whether it stated a cause of action.

There is so much evidential matter in the complaint that it has been difficult to sift the wheat from the chaff and it well nigh defeats itself, but we think it states a cause of action. It shows these ultimate facts: The defendant owned and maintained a reservoir with an outlet ditch 45 feet deep, in which, at the time of the tragedy, the water was 22 feet deep and the bank in great danger of caving, all of which defendant knew, yet nevertheless for many weeks permitted the plaintiffs' son, seven years old, and other small children to rest and play on said banks. That the bank caved with the boy, sank into the water, and he was drowned. The danger was not apparent, but in the nature of a trap. A false bank had been made by drifting sand which rested partly on ice and the ice gave way.

When the defendant permitted the child to play on the bank it owed him a duty not to entrap him and is, therefore, under the facts stated, liable for his death. *Hayko v. Colo. & Utah Coal Co.*, 77 Colo. 143, 235 Pac. 373, 374.

The permission as alleged here is equivalent to the invitation suggested in that case.

Judgment reversed.

Mr. Chief Justice Allen and Mr. Justice Adams concur.