## No. 11,925.

### WINDSOR RESERVOIR AND CANAL CO. *v.* SMITH, ET AL.

Decided November 14, 1927.   Rehearing denied December 19, 1927.

### Action for death of child.  Judgment for plaintiffs.

## *Reversed.*

1.  VARIANCE—*Pleading and Evidence.*  In an action against a reservoir company for death of plaintiffs' child caused by alleged negligence of defendant, the contention that the evidence does not support the complaint, overruled.

2.  EVIDENCE—*Conflicting—Jury Question.*  The determination of facts under conflicting evidence is for the jury.

3.  APPEAL AND ERROR—*Harmless Error—Evidence.*  Exclusion of evidence, if error, held not to justify a reversal where the point was subsequently proved by other witnesses.

4.  NEGLIGENCE—*Attractive Nuisance.*  An attractive nuisance, to support an action for death of a child, must be an unusual not a usual thing.

5.  NEGLIGENCE—*Instructions.*  In an action by parents for death of a child caused by its being precipitated into defendant's reservoir by the sinking of a bank of sand, an instruction which imposed upon defendant the unqualified duty to protect against hidden danger not avoidable by reasonable care on the part of the child, and which charged defendant with the duty of using care to know of every hidden danger on its grounds if it permitted anyone to enter them, disapproved.

6.  *Licenses—Duty of Owner of Premises.*  The duty of owner of premises to a mere licensee goes no further than to refrain from wanton or affirmative and active negligence.

7.  *Trespasser—Duty of Owner of Premises.*  The owner of property owes no duty to a trespasser thereon, as to its safety.

### *Error to the District Court of Larimer County, Hon. Francis E. Bouck, Judge.*

Mr. C. D. TODD, Mr. L. R. TEMPLE, for plaintiff in error.

Messrs. Stow & Stover, Mr. H. A. Alpert, for defendants in error.

*En Banc.*

Mr. Justice Denison delivered the opinion of the court.

Elbridge H. Smith and wife had a verdict and judgment against the company, plaintiff in error, for negligently causing the death of their son, seven years old, and the company brings error. .

A demurrer to the complaint was sustained. We reversed that decision. *Smith v. Windsor Res. Co.,* 78 Colo. 169, 240 Pac. 332, q. v. The defendant then answered and the case was tried.

We held that the complaint stated a cause of action in that it alleged that the defendant owned and maintained an outlet ditch, 45 feet deep, with water 22 feet deep and with a false bank of sand which had been blown in by the wind, rested on ice, and was in great danger of caving, though to children apparently safe, and so in the nature of a trap, all of which defendant knew yet for many weeks permitted plaintiff's son, seven years old, and other small children to rest and play on said bank; that the ice gave way while children were on the bank, the sand sank with them into the water and plaintiffs' son was drowned.

The claim is made that the evidence does not support the complaint. We think it does. That the ditch and false bank were there as alleged is undisputed, also that the boy and other children sometimes rested and played on the banks and were doing so when it caved, that it was dangerous is proved by the event; there is little, if any, dispute that the bank was to children apparently safe. The allegations of the complaint in controversy at the trial, then, were really but two, the permission to play on the bank and the knowledge by defendant of the danger. There was direct evidence of express permission to go anywhere on the defendant's property "so

long as we stayed off the ice'' and there is circumstantial evidence from which it may be inferred that one Stephens, defendant's caretaker, who lived and worked for defendant on its land, near the accident, knew of the fact that the children played on the false bank and that it was dangerous.  These conditions forbid us to say that the plaintiff's case as alleged was not proved, and the inhibition upon us is strengthened by the fact that the jury viewed the premises, and by the unexplained absence of Stephens as a witness.

The point is urged, however, that the children, including the deceased, were repeatedly warned to keep off the reservoir, and to keep off the company's land.  The evidence of this is very strong, but contrary to the testimony of the children as to permission and to some circumstantial evidence.  The solution was for the jury.

It is claimed that Elbridge Smith, one of the plaintiffs, forbade his son and a daughter two or three years older to go on the reservoir, but there is evidence that he only told them to keep off the ice; whatever, therefore, may be the relevancy of such a warning, the point is not conclusive against the verdict.  The court sustained an objection to a question to Smith on cross-examination whether he had warned his children to keep off the reservoir, but, since it later was proved both by him and other witnesses what his warning to them was, this ruling, if erroneous, will not justify a reversal.

The above questions seem to us simple and they are disposed of with comparative ease, but the matter of the instructions is more difficult.  The case seems to have been tried not on the theory upon which we reversed the ruling which sustained the demurrer, but on the theory of attractive nuisance or one analogous to it.  This judgment cannot stand on that theory, because the court refused to let defendant show that the false bank was a usual thing, and the attraction, to support an action, must be an unusual thing.  *Hayko v. Colo. & Utah Coal Co.,* 77 Colo. 143, 235 Pac. 373, 39 A. L. R. 482.

The instructions which were given do not submit the case on the theory of our former opinion, i. e., that the defendant permitted the boy to rest and play in the place of a danger of which it knew, but which was hidden from him, but upon the theory that defendant permitted the child to habitually pass (we quote from Instruction No. 1) "along a road across the premises of the defendant and that the defendant knew that the child in so traveling would pass within a few feet of the end of said outlet ditch." This seems to indicate that the court was either proceeding on the theory of attractive nuisance or regarded such permission as of itself negligent, and this appearance is confirmed by the fact that the instructions state no other conduct of defendant upon which negligence could be predicated.

Instruction No. 6 was given as follows: "If you should find from the evidence that the defendant permitted the deceased upon its premises, it then owed him a duty of protecting him against such hidden dangers known to it (or which it reasonably should have known) as could not be avoided by exercising the care required by the attendant circumstances.

"In determining the required care you may take into consideration, along with the age, intelligence and experience of the child, any evidence concerning notice or warning that may be given him."

We cannot approve this instruction because it imposes upon defendant the unqualified duty to protect against any hidden danger not avoidable by reasonable care on the part of the child and because it charges defendant with the duty of using care to know of every hidden danger on its grounds if it permits anyone to enter them.

The duty of the owner of premises to a mere licensee thereon goes no farther than to refrain from wanton or affirmative and active negligence. *Brigman v. Fiske-Carter Const. Co.* 192 N. C. 791, 136 S. E. 125, 49 A. L. R. 773; *Watson v. Manitou, etc. Co.*, 41 Colo. 138, 144, 92 Pac. 17, 17 L. R. A. (N. S.) 916; *Lunt v. Post Printing Co.*,

48 Colo. 316, 329, 110 Pac. 203, 30 L. R. A. (N. S.) 60, 21 Ann. Cas. 492; *Moffatt v. Kenny,* 174 Mass. 311, 315, 316, 54 N. E. 850; *Faris v. Hoberg,* 134 Ind. 269, 275 et seq., 33 N. E. 1028, 39 Am. St. Rep. 261; *Cusick v. Adams,* 115 N. Y. 55, 58–61, 21 N. E. 673, 12 Am. St. Rep. 772; *Sweeny v. Railroad Co.,* 10 Allen, 368, 87 Am. Dec. 644; *Gibson v. Leonard,* 143 Ill. 182, 188–189, 32 N. E. 182, 17 L. R. A. 588, 36 Am. St. Rep. 376; *Kennedy v. Chase,* 119 Cal. 637, 52 Pac. 33, 63 Am. St. Rep. 153.   There are many other cases.

The defendant requested and the court refused instruction 9 as follows:

"The court instructs the jury that a trespasser is one who goes upon a property or premises of another without any right so to do.   That the law does not require that the owner of the premises shall keep his premises in a safe condition so that those trespassing thereon shall not sustain injury while on said premises.

"A licensee is one who goes upon the premises of another by permission, either expressly or implied.   The owner of the premises is, as against a licensee going thereon, only required to keep his premises in a reasonably safe condition for the purpose for which it is kept and used, and he is not required to give notice of hidden danger.

"If the owner gives notice by posting or giving warning concerning the danger of going upon the premises, and the hazard of so doing, and one in violation of such notice and warning goes upon the premises, he becomes a mere licensee or a trespasser and assumes all the risk of injury by so doing.   This is true whether said person is a minor or an adult."

This is mostly accurate.   There was evidence that the boy had been forbidden the premises; if so he was a trespasser and the defendant owed him no duty.

There was evidence that the deceased was a mere licensee; if so, the defendant owed him no duty except on the theory of attractive nuisance, which, as we have

seen, is not available on this record. The requested instruction did not go beyond the rule so stated. 20 R. C. L. 96, § 85.

If the boy entered in violation of warnings either written or otherwise he was a trespasser and was entitled to no care. The jury are told in instruction 6 that they may consider notice and warning, but are not told the effect thereof, and nothing is said in the instructions given to the jury about licensees or duties to them. To sum up, an action might be supported:

1. By proof of entry by invitation, express or implied, and want of ordinary care. *Brigman v. Fiske-Carter Const. Co.,* 192 N. C. 791, 136 S. E. 125, 49 A. L. R. 773; *Watson v. Manitou, etc., Co.,* 41 Colo. 138, 92 Pac. 17, 17 L. R. A. (N. S.) 916. The present case is not based on invitation and no instruction covers the point.

2. By proof of entry by permission, express or implied, and wanton or affirmative and active negligence. *Brigman v. Fiske-Carter Co.* and *Watson v. Manitou, etc., Co., supra.* No such negligence is shown, nor was the point put to the jury.

3. By proof of entry by permission and maintenance of an attractive nuisance, but this is not covered by instructions and is precluded by the exclusion of relevant evidence as above shown.

4. By proof that defendant knew of the danger and the fact that the children actually played on the false bank yet permitted them to do so. This was not submitted to the jury and recovery on this theory is foreclosed by the errors in instruction 6.

The judgment is reversed and new trial granted.

MR. CHIEF JUSTICE BURKE not participating.