No. 12,488.

Smith et al. *v.* Windsor Reservoir and Canal Company.

(298 Pac. 646)

Decided April 6, 1931.

Messrs. Stow & Stover, Mr. H. A. Alpert, for plaintiffs in error.

Mr. C. D. TODD, Mr. L. R. TEMPLE, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS is an action by parents for damages because of the death of their minor son by drowning in an outlet ditch owned and used by the defendant in error in connection with a reservoir. The court directed a verdict for the defendant in error, overruled a motion for new trial, and entered judgment on the verdict. From that judgment the plaintiffs prosecute this writ, the substance of their assignments of error being that the evidence warranted submission of the issues to the jury.

The case has been here twice before. *Smith v. Windsor Co.,* 78 Colo. 169, 240 Pac. 332; *Windsor Co. v. Smith,* 82 Colo. 497, 261 Pac. 872. In the first of these decisions we held that the complaint stated a cause of action and that it was error to sustain a general demurrer thereto. In the second we held that the evidence was sufficient to sustain the verdict awarding damages to the plaintiffs, but that the court had erred in its instructions.

It appears from the evidence that the plaintiff's son, a child of seven, was precipitated into the water and drowned in the outlet ditch by the giving away of a false bank composed of drifted sand blown upon ice formed in the ditch. It is fairly inferable from the record that the false bank had the appearance of permanency, and its lack of stability would not be apparent to one not familiar with the situation, certainly not to a small child. It is reasonably clear that while the rigor of winter persisted no risk would be involved in going upon the bank, but that yielding to the gentleness of spring the icy support at some uncertain time would give way. In the course of the transition there would be three definite conditions in relation to the bank, namely: Safe; apparently safe,

but pregnant with danger; and beyond the deceptive state. The conditions stated were not merely in the year of the fatal accident, but were of annual occurrence, and there is evidence that the executive heads of the defendant knew of them. It also appears that the resident caretaker of the defendant knew that children, including the deceased child, frequently played upon the false bank and that it was a dangerous practice, but permitted it at a time when the bank was apparently safe, but pregnant with danger. The presence of the children is explained by testimony that they were privileged to pass over the defendant's lands on a private roadway near the outlet ditch on which the false bank formed. There is evidence to the contrary, but to detail it would serve no other purpose than to contrast the two sides of the controversy. That is not our office, for where the evidence is in dispute in such cases we may not concern ourselves with the verities.

In *Windsor Co. v. Smith, supra,* Mr. Justice Denison stated four theories any one of which, if supported by pertinent testimony, would require submission of the facts to the jury. The case, as shown by the record now here, was tried under the fourth of these theories, and that theory may be said to be the law of the case. The test required by it was, to quote from the opinion, that there be "proof that defendant knew of the danger and the fact that the children actually played on the false bank and yet permitted them to do so." It seems to us that the plaintiffs offered sufficient evidence to support that theory and that it was error not to have submitted the case to the jury.

The judgment is reversed and the case remanded with directions to grant a new trial.