## No. 13,214.

WINDSOR RESERVOIR AND CANAL COMPANY *v.* SMITH ET AL.
(21 P. [2d] 1116)

Decided May 1, 1933.

Mr. C. D. TODD, Mr. L. R. TEMPLE, for plaintiff in error.

Mr. FRED W. STOVER, Mr. HERBERT A. ALPERT, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the company, defendants in error as plaintiffs, and their deceased son as John.

On a portion of the company's irrigation reservoir and outlet ditch was a so-called "false bank," composed of ice, covered by blown sand. The condition occurred annually. As the ice melted this bank weakened and finally gave way. Thus, while playing thereon, John, then seven years of age, was precipitated into the water and drowned. Claiming under sections 6303 and 6304, page 1646, C. L. 1921, plaintiffs sued the company for $5,000 damages for that death, which they charged to the company's negligence. The company denied negligence and charged John therewith. Plaintiffs had a verdict for $4,500 and to review the judgment entered thereon the company prosecutes this writ and asks that it be made a supersedeas.

Judgment in this cause has been four times entered in the trial court and three times reversed here. First, a general demurrer to the complaint was sustained. On review we held the complaint good. *Smith v. Windsor R. & C. Co.,* 78 Colo. 169, 240 Pac. 332. Thereafter, on issue joined and trial to a jury, plaintiffs had judgment for $4,000, which we reversed for errors in the instructions. *Windsor R. & C. Co. v. Smith,* 82 Colo. 497, 261 Pac. 872. On the next trial a verdict was directed for the company for failure of plaintiffs' evidence. We held the evidence sufficient, and again reversed the judgment. *Smith v. Windsor R. & C. Co.,* 88 Colo. 422, 298 Pac. 646.

The record and arguments now before us are voluminous and present all the numerous questions arising for the entire course of this litigation. A brief notice of the points settled by our former decisions, and a brief statement of the present status of the record, will eliminate most of these from present consideration.

The complaint which we held good in the 78th Colorado has not been changed. The evidence now before us varies in no particular, here material, from that

which, in the eighty-second Colorado, we held sufficient to support the verdict there rendered, and which, in the eighty-eighth Colorado, we held sufficient to go to the jury, i. e., to support a verdict had one been returned thereon for plaintiffs; hence this evidence unquestionably supports this verdict, and further examination of it in this opinion would be futile. No serious objection is now made to rulings on evidence. We think those rulings were correct. Instructions given and refused furnish the foundation for most of the assignments. Of the 16 given the company objected to 6. It requested 14 which were refused. In the eighty-second Colorado we found one erroneous instruction given and one refused instruction "mostly accurate." Counsel for the company, proceeding now upon the theory that as soon as we found and noted reversible error we stopped, assume there may have been numerous other errors committed respecting instructions and so argue at length many such which they think repeated here. Our usual, though not invariable, practice is to point out all serious errors whose notation is necessary to prevent their repetition. Prompted to unusual care by reason of a second reversal, we did this in our former opinion. Hence, where the attack is now directed to an instruction, given or refused, substantially identical with one heretofore before us and examined, we dismiss it with a notation of that fact; when the giving of a refused instruction would have been tantamount to a directed verdict we dismiss it with a notation of that fact; otherwise we would be obliged to overrule our decision in the eighty-eighth Colorado. We do not feel here called upon to analyze in detail evidence we have twice carefully examined, or restate in detail, with specific reasons, conclusions we have twice reached. Our former opinions should be read in connection with this.

In our opinion in the eighty-second Colorado we observed that the only facts really disputed were the company's knowledge of the danger and its permission to John and others to play on the false bank. We held in-

struction No. 6 erroneous because it imposed upon the company the duty of using care to know of every hidden danger on its grounds and the unqualified duty to protect John against such, which duties it did not owe to a mere licensee.

Defendant's requested instruction No. 9, refused in that case, defined trespasser and licensee, and the duty owed by the owner to each. As to a licensee the instruction stated that the owner "is not required to give notice of hidden danger." He might be, under some circumstances, if that danger were actually known to him. The instruction further stated that both trespasser and licensee, in going upon the premises, assumed "all risk of injury by so doing. This is true whether said person is a minor or adult." That statement, applied to some cases of licensee, of which this might be one, would sanction a degree of callous indifference, if not of criminal negligence, which we cannot approve. These defects in this instruction prompted our qualification that it was *"mostly* accurate."

In that opinion we stated four theories upon which evidence might support the action, the last of these being, "proof that defendant knew of the danger and the fact that the children actually played on the false bank, yet permitted them to do so," but recovery on which theory, we said, was foreclosed by the errors in instruction No. 6.

In our opinion in the eighty-eighth Colorado we said the trial there under review was had on this fourth theory, and that the evidence produced was sufficient to take the case to the jury thereon, including the disputed facts of knowledge and permission. Such was the theory upon which the case was last tried and such the only material facts seriously questioned. It follows that, unless reversible error was committed in instructing the jury, this judgment must stand.

Of the instructions given over the company's objection, No. 2 is identical with former No. 2; No. 3 is substantially identical with former No. 5; and No. 13 with

former No. 4. No. 10 was requested by the company; and its principal objection to No. 4, which goes to the use and repetition of the words "false bank," is wholly without merit. Counsel for the company assert that No. 7 required it to keep its premises free from hidden dangers, and to protect against the same; whereas said instruction confines its duty to such dangers as were actually known to it, and unknown to the children. No. 9 is objected to for its omission of the language "and he is not required to give notice of hidden dangers." So modified, the instruction would have made the company's knowledge and John's want thereof immaterial, and thus have eliminated one of the controlling elements in the case.

Of the instructions requested and refused, No. 1 was for a directed verdict and No. 5 tantamount thereto. Nos. 2 and 3 are substantially the same as former request No. 2; No. 4 as former No. 8; No. 7 as former No. 9; No. 9 as former No. 6; No. 11 as former No. 5; No. 12 as former No. 3; No. 13 as former No. 7; and No. 16 as former No. 11. No. 14 contains one of the questionable statements of former request No. 9, and furthermore would supply the element of warning or notice by a mere flimsy pretext. No. 15 is the same, in all material respects, as No. 11 given. Aside from the foregoing, so far as these rejected instructions contain correct and applicable statements of the law they are covered by the instructions given.

The authorities which would otherwise be noted here are cited in our former opinions and need not be repeated.

■■ While the evidence in this case is conflicting and close it is clear that the issues must, in any event, be decided by a jury. Plaintiffs have been compelled once to resort to this tribunal to sustain their complaint, again to get their evidence to a jury, and yet again to defend a verdict in their favor which we held supported, and good but for two errors in instructions. Only palpable and

material error, clearly going to the merits, would justify another reversal. We find none such.

The judgment is affirmed.

MR. JUSTICE BOUCK not participating.