No. 15.225.

UNION PACIFIC RAILROAD COMPANY *v.* SIEMANN.
(145 P. [2d] 986)

Decided February 7, 1944.

Messrs. HUGHES & DORSEY, Mr. E. G. KNOWLES, for plaintiff in error.

Mr. JOSEPH D. NEFF, Mr. HARRY G. SAUNDERS, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court. Plaintiff in error is hereinafter referred to as the company, defendant in error as plaintiff, and her deceased husband as Siemann.

In the midafternoon of November 10, 1941, Siemann was traveling east on a private road which crossed the company's railway track. Its engine with a caboose attached was traveling north on that track. At the crossing a collision occurred in which Siemann was fatally injured. Plaintiff brought this suit against the company to recover damages in the sum of $2,999 for her husband's death. On a verdict for her in the sum of $850 judgment was entered. To review that judgment the company prosecutes this writ. Plaintiff charged the company with negligence. It answered that the collision was due solely to the negligence of Siemann, or that such negligence contributed thereto. The seven assignments are argued under three divisions, the first of which is that the verdict is unsupported because there is no evidence of the negligence of the company, but undisputed proof of the negligence of Siemann. The conclusion we have reached on this point renders it unnecessary to consider the others.

The alleged negligence of the company is excessive speed, failure to keep a lookout, failure to signal, and failure to stop or attempt to stop.

The engineer, the fireman and brakeman were in the engine keeping a reasonable lookout, the engineer on one side, the fireman on the other. From his side the former could not observe the approach of Siemann. The fireman observed him at a considerable distance travel-

ing at approximately fifteen miles per hour. There was nothing to indicate that he was unconscious of the approaching engine or that he would drive onto the railway track. As he neared it he slowed down to approximately three miles per hour. Then, apparently under the impression that he could make the crossing, he pushed forward and the engine struck the rear end of his car demolishing it. A short distance beyond this private crossing was a public crossing. When the engine was approximately 150 feet from the former the engineer, unconscious of the approach of Siemann, began to blow his whistle for the public crossing. He and the fireman testified that at the same time he started the automatic bell. This evidence of ringing the bell is refuted only by the negative testimony of two of plaintiff's witnesses who were near and said they did not hear it. When the fireman observed Siemann push forward, evidently bent on making the crossing, he called to the engineer to "hold it." The latter instantly applied his brakes but because of the proximity of Siemann without effective result. He testified that he could have stopped sooner by putting his engine in reverse but that such action was dangerous and it seems clear from the record that the collision could not thus have been obviated.

No instruction given is excepted to and the doctrine of last clear chance is not involved. At the close of plaintiff's evidence the company's motion for a nonsuit was overruled. At that point no evidence had been introduced on the subject of the engine's speed. The maximum testified to by anyone was thirty-five miles per hour.

■ No duty devolved upon the engine crew to stop, or attempt to stop, merely because Siemann was nearing the crossing in the manner described. 3 Blashfield Cyc. Auto. Law, p. 83, §1710; *Nichols v. C. B. & Q. R. R. Co.*, 44 Colo. 501, 516, 98 Pac. 808.

■ This was a private farm crossing with gates on

each side of the right of way. At such an intersection the obligation of caution imposed upon Siemann was greater, and that imposed upon the company was less, than had it been a public crossing. *Baltimore & Ohio S. W. Ry. Co. v. Keck,* 84 Ill. App. 159, 168, 185 Ill. 400, 57 N.E. 197.

■ At the crossing in question the company was the sole judge of the proper speed at which to operate its engine. No rate was negligence per se. *Chicago, B. & Q. R. R. Co. v. Campbell,* 34 Colo. 380, 83 Pac. 138.

■ Siemann had every opportunity to hear and see the approaching engine. He is presumed to have known what he would have known had he acted as a reasonable man and as the law required. If he did not, his negligence is as pronounced as if with full knowledge he elected to take a chance. *Westerkamp v. C. B. & Q. Ry. Co.,* 41 Colo. 290, 92 Pac. 687; *Fabling v. Jones,* 108 Colo. 144, 151, 114 P. (2d) 1100.

■ From the foregoing we conclude that the record discloses no negligence on the part of the company. However, assuming there was sufficient to otherwise carry that question to the jury we think the contributory negligence of Siemann is so clearly established by the undisputed facts that the motion for a nonsuit should have been sustained.

The judgment is accordingly reversed with directions to proceed in harmony herewith.