PLAINTIFF in error, who was also plaintiff below, brought this action against the Union Pacific Railroad Company for money damages in the sum of $2,976.45, basing its claim upon the alleged careless and negligent conduct of the railroad company in the operation of a train which struck and damaged plaintiff's truck and trailer which were being used to transport beans to the Denver Elevator Company. After issues joined the matter was tried to a jury which returned a verdict in favor of the railroad company. Plaintiff seeks reversal on application for supersedeas, and both parties request that the matter be decided on the application. We comply with the request. Reference will be made to the parties as they appeared below. *Page 314 
The record discloses that plaintiff, as a copartnership, was engaged in the business of buying, selling and hauling grain and produce. On July 10, 1942, two of plaintiff's employees, Mr. Pittsenberger and Mr. Williams, were transporting a load of beans in a truck and trailer owned by their employer, to the Denver Elevator Company, which is located on land north of, and adjoining, the Union Pacific railroad tracks a few blocks northeast of the Union Station in Denver. The truck was being driven along a graveled road about twelve feet wide and running parallel with the tracks at least for a block before it turns to the north and crosses three tracks of the railroad on the way to the elevator. The exact time of the accident is not stated, but it occurred in broad daylight and there was "an unobstructed view for a distance of from 600 to 800 feet." Before crossing the first track Pittsenberger and Williams stopped the truck about 20 or 25 feet therefrom to let a freight train pass that was coming in from the northeast on the third or "farthest" track from them. This took about five minutes. They then started across the tracks at a rate of speed of three miles per hour and had gotten to a point where the trailer (front end of which was two feet behind the rear end of the tractor or truck) was on the second, or middle, track when a Union Pacific passenger outbound train, traveling in a northeasterly direction hit the truck and trailer, causing the damage of which complaint is made. Pittsenberger, who was driving the truck, testified that it was equipped with vacuum brakes and that he could have stopped within two feet. He also testified that he heard the train whistle just as it hit them, but Williams testified that no warning at all was given.
The train was traveling at a speed of approximately twelve miles an hour, about one-half the speed permitted by the city ordinance. The engineer testified that he first saw the truck when it was moving over the track. He testified that the automatic bell was *Page 315 
ringing, the custom being to keep it ringing from the time the train leaves the station until it reaches the city limits; that the whistle was sounded "almost" continually from the time he first observed the truck until it was struck; that he applied the brakes at the time he saw the truck come up onto the outbound train track, but that he could not stop the train in time to avoid a collision, although it did come to a complete stop about fifty feet beyond the crossing. Both Pittsenberger and Williams testified that they did not see the train at all, although they stated that they looked in both directions before proceeding to "cross the crossing."
[1, 2] Counsel for plaintiff say there are only two important points in the case, viz.: That plaintiff was an invitee on the premises by implication; and second, that the trial court improperly excluded the doctrine of the last clear chance.
1. We think there is no merit in the contention that the plaintiff here was an invitee, and, therefore, entitled to a higher degree of care. The only Colorado case relied upon is, Watson v. Manitou Pikes Peak Ry. Co.,41 Colo. 138, 92 Pac. 17, where there is some dicta on possible invitees, but in that case we affirmed a nonsuit in favor of the company. The only other railroad case relied upon is, Turess v. New York S. W. R. Co.,61 N.J.L. 314, 40 Atl. 614, in which there is also a paragraph of dicta concerning invitation. However, it is a turntable case in which the railroad was held free from liability. Plaintiff contends that the road used herein was private. Assuming that it was, "at such an intersection the obligation of caution imposed upon * * * [the driver] was greater, and that imposed upon the company was less, than had it been a public crossing."Union Pacific Railroad Co. v. Siemann, 112 Colo. 70,145 P.2d 986. Also assuming that plaintiff might have been an invitee of the elevator company because of mutual interest, it does not follow that the railroad company shared that interest. On the contrary, the *Page 316 
plaintiff here was engaged in competition with the railroad company.
[3] 2. Error is urged because the trial court refused to give plaintiff's tendered instruction No. 1 on the doctrine of last clear chance. Counsel for the railroad company insist that the doctrine was not pleaded. Opposing counsel say it is not necessary to plead it under the new rules of civil procedure. We deem it unnecessary to decide the point, because the evidence is clear that plaintiff's contributory negligence continued down to the moment of impact. This is so because the driver's own testimony, as already noted, is, that he could have stopped the truck within a couple of feet. Having a clear vision for 600 feet, he will not be heard to say he could not see that which he would have seen had he been looking. "We are therefore asked to say that this guess of the witness, involving such a doubtful performance and based upon defendant's guess as to the interval separating the car and the plaintiff the train and the truck in the case at bar when her peril was discovered, is sufficient to carry the cause to the jury under the doctrine of the `last clear chance,' in favor of one admittedly guilty of negligence continuing to the moment of the collision. This we cannot do." Killian v. McCourt,69 Colo. 455, 194 Pac. 936; Fabling v. Jones,108 Colo. 144, 114 P.2d 1100.
[4] Even assuming the doctrine to be applicable in the case at bar, no prejudice is shown in the trial court's refusal to give the tendered instruction. No evidence was excluded which would tend to support the doctrine, and while instruction No. 12 which was given did not state the rule as positively as the one requested, it sufficiently advised the jury as to the engineer's duty under the circumstances. We think it fully consistent with the law. 3 Blashfield Cyclopedia of Automobile Law 
Practice, p. 83, § 1710.
In Union Pacific Railroad Co. v. Siemann, supra, we had a strikingly similar factual situation, and reversed a *Page 317 
judgment based upon a verdict against this same railroad. It is true that the doctrine of last clear chance was not in the case on the writ of error, but it was urged in the trial court and excluded by it on the ground that it was impossible for the railroad company to have avoided the accident after Siemann's peril was discovered.
We think the jury was properly and sufficiently instructed below and that the verdict should not be disturbed.
Judgment affirmed.
MR. JUSTICE BURKE and MR. JUSTICE ALTER concur.