No. 15,660.

COLORADO & SOUTHERN RAILWAY CO. *v.* BARTH.

(183 P. [2d] 549)

Decided July 7, 1947.

Mr. J. C. JAMES, Mr. J. L. HICE, for plaintiff in error.

Messrs. IRWIN & O'CONNELL, for defendant in error.

Mr. JUSTICE LUXFORD, delivered the opinion of the court.

THIS is an action in tort for damages. The parties are here in reverse order of their appearance in the trial court and we hereinafter refer to them as plaintiff and defendant.

Plaintiff, twenty-five years age, with his family, operated a greenhouse near Englewood, Colorado. One of his duties was to haul coal by truck from the Monarch mine in Boulder county to his place of employment. About nine o'clock A.M. on February 25, 1942, he drove to the mine, loaded his truck with seven and one-half tons of coal and started to return to his home. He had made the trip thirty or forty times before. Crossing the railroad, a quarter of a mile from the mine, his truck was struck by defendant's passenger train and he sustained the injuries for which this suit is brought. The case was tried to a jury, verdict was for plaintiff, judgment was entered thereon and defendant brings the case here urging error on a number of points which we elect to consider under: (1) Contributory negligence; (2) speed of train; (3) crossing signals; and (4) obstruction of view.

1. Contributory Negligence. At the point of the accident the highway extends east and west and the railroad generally north and south intersecting the highway at an angle of 54 degrees plus. Plaintiff testified: Q. "If one gets up there within three hundred feet of the track, if he has open windows, he can see down the railroad all the way to the mine dump [about a quarter of a mile], could he not? A. "Yes." The train approached the crossing moving in a northeastly direction at a speed of twenty-five to forty miles per hour. Plaintiff in his truck was proceeding east on the highway and regarding his approach to the crossing he testified: "Q. So you came up at four or five miles an hour until you came close to the crossing and then you changed the gear and went down to a half a mile an hour? A. Yes. Q. When you were going four or five miles an hour—could you stop it within a foot? A. Yes, less than that."

■■ As plaintiff approached the crossing, the train, by a comparison of its speed with his, was only a short distance away and in plain sight. Plaintiff testified that

he looked and listened for trains from the time he left the mine store, but that he did not see the approaching train, and in view of this testimony his counsel urge that it was solely within the province of the jury to weigh the evidence and determine the facts; but in *Westerkamp v. Chicago B. & Q. Ry Co.,* 41 Colo. 290, 92 Pac. 687, we said: "This rule is not applicable, where there is but one inference which can reasonably be drawn from the undisputed facts. * * * From all the facts and circumstances, there is but one conclusion deducible, viz., he did not look; because, if he had, he could not have failed to discern the train approaching the crossing he was about to drive over. .Where a physical situation renders the right of a matter clearly beyond all reasonable controversy, there is no conflict to be solved by a jury, because no just verdict can be rendered contrary to all reasonable probabilities. In such circumstances the testimony of a witness to that which is physically impossible must be rejected, and a court will treat as unsaid by a witness that which, in the very nature of things, could not be as said. A trial court should not submit to a jury the determination of a fact about which, from all the testimony, there can be no dispute. Plaintiff not having looked for the approach of the train which struck his wagon, failed to exercise that degree of care which he should, and it is beyond dispute that such failure was the proximate cause of his injury. The trial judge was, therefore, right in directing a verdict for the defendant." (Citing cases.) We reiterated these principles in *Gunby v. C. & S. Ry. Co.,* 77 Colo. 225, 228, 235 Pac. 566, 567; *Atchison, T. & S. F. Ry. Co. v. Page,* 76 Colo. 10, 11, 227 Pac. 840; and *Welsh v. Union Pacific Ry. Co.,* 113 Colo. 312, 156 P. (2d) 844, 846.

True, the facts in the Westerkamp case and the others, supra, are not exactly like those here presented, but the principle of law announced in those cases clearly applies in this. We are of the opinion that plaintiff's failure to look and listen before driving his truck upon the rail-

road crossing was the proximate cause of his injury, and that he is not entitled to recover for injuries resulting from the collision.

██ ██ 2. Speed of Train. Under our law any speed in the country is not per se negligence. We held in *Chicago, B. & Q. Ry Co. v. Campbell,* 34 Colo. 380, 83 Pac. 138, that: "A railroad company has a right to run its trains at any speed it may deem proper when they are not passing through an incorporated city or town which is authorized to and has prescribed the limit of speed within such municipality. The law places no restriction upon the rate of speed at which trains may run across the country, and no rate of speed is, per se, negligence except where the law of the state or municipal corporation authorized to do so prescribes a limit." And we said in *Union Pacific Ry. Co. v. Siemann,* 112 Colo. 70, 145 P. (2d) 986: "At the crossing in question the company was the sole judge of the proper speed at which to operate its engine. No rate was negligence per se."

██ 3. Crossing Signals. There was a conflict in the evidence as to whether or not the locomotive whistle was blown and the bell rung for the crossing. We have held in a number of cases, however, that failure of the operator of a train to give warning signals at a crossing is no excuse for the failure of a motorist to look and listen. *Chicago, R. I. & P. Co. v. Crisman,* 19 Colo. 30, 34 Pac. 286; *Gunby v. Colorado & S. Ry. Co., supra; Atchison T. & S. F. Ry. Co. v. Ainsworth,* 80 Colo. 117, 249 Pac. 641.

██ 4. Obstruction of View. Interference with plaintiff's view caused by his own truck was no excuse for his failure to look for a train from a position and in a manner that would make looking effective. Regarding this situation plaintiff testified: "Q. Then it was the truck that kept you from seeing the train? A. Yes. Q. After you got within three hundred feet of the track? A. Yes. Q. The body of your truck and the cab of your truck?

A. Uh,huh.   Q. And the load back of you?   A. Yes."
Plaintiff, knowing all the circumstances, should have
taken such precautions as were calculated to inform him
of the fact as to whether a train was approaching or not.
*Chicago, R. I. & P. Ry. Co. v. Crisman, supra; Colorado
& S. Ry Co. v. Thomas,* 33 Colo. 517, 81 Pac. 801; *Nucci
v. Colorado & S. Ry. Co.,* 63 Colo. 582, 169 Pac. 273;
*Headley v. Denver & R. G. Ry. Co.,* 60 Colo. 500, 154
Pac. 731; *Rintala v. Duluth W. & P. Ry. Co.,* 159 Minn.
499, 199 N.W. 562; *State ex rel. v. Great Northern Ry.
Co.,* 54 N.D. 400, 209 N.W. 853.  It would seem too clear
for argument that one cannot carry an obstruction with
him and then blame someone else because of his failure
to see an approaching train.

The judgment is reversed and the case remanded with
instructions to dismiss the case and enter judgment for
defendant for costs.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE JACKSON
concur.