No. 9848.

THE GREAT WESTERN RAILWAY CO. *v.* LEE.

Decided April 4, 1921. Rehearing denied June 6, 1921.

Action for damages to an automobile occasioned by a

collision with a railway motor car.   Judgment for plaintiff.

*Reversed.*

1. AUTOMOBILES—*Railroad Crossing.*   Where the driver of an automobile is acquainted with the dangers of a railroad crossing, it is his duty to approach it at a speed such that he can stop his machine before reaching the crossing if it be necessary to insure his safety. ·

2. NEGLIGENCE—*Contributory Negligence—Directed Verdict.*   In an action for damages against a railroad company occasioned by a collision with its motor car, if the negligence of the plaintiff directly contributed to the accident, it is immaterial that the defendant might have been guilty of the negligence charged.

Under such circumstances, it is the duty of the trial court, on motion, to direct a verdict for defendant.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. CHARLES W. WATERMAN, Mr. CALDWELL MARTIN, Mr. JOSEPH D. PENDER, Mr. H. N. HAYNES, for plaintiff in error.

Mr. R. E. WINBOURN, for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court. ·

DEFENDANT in error had judgment in an action against plaintiff in error for damages resulting to his automobile in a collision in which it was struck by a motor car on the track of the plaintiff in error.

The complaint charged negligence in the operation of the car at an excessive rate of speed, and in failing to sound a signal for the crossing on which the collision occurred.

The answer denied that the defendant was negligent, and alleged that the driver of the car was guilty of contributory negligence.   The driver was a son of the plaintiff, of the age of twenty years, and at the time of the collision was on his father's business.   It is conceded that his negligence, if any, was the negligence of the plaintiff.   It

appears that on the day of the accident the young man approached the crossing, on a road from the east, with a slightly down grade for some eight hundred feet, with the crossing in full view. The motor car was coming from the north and running on a regular schedule. The evidence shows that the nearest obstruction was the corner of an orchard fence a distance of forty-three feet easterly from the center line of the defendant's track. The nearest trees in the orchard were several feet back from this fence. From photographs taken immediately after the accident and introduced in evidence, it appears that from the road opposite this fence corner a car approaching on the railroad track could be seen for some distance to the northward. It further appears that at a point seventy-five feet east of the crossing, there was a clear view to the northward for a considerable distance, probably three or four hundred feet. The driver of the automobile testified that as he was approaching the crossing, which he had crossed many times, he was aware that the motor car was about due and had not passed; that he did not see it until he was about forty feet from the crossing; it being then forty or fifty feet distant; that he instantly applied his brakes; that when he had gone about twenty feet he concluded that he would not be able to stop the car before reaching the track, and he therefore applied the power in an attempt to cross ahead of the motor car. The automobile was struck when the front wheels had reached the middle of the track. There was a sidetrack to the east of the main track running northerly, but no obstruction between the orchard mentioned and the main track.

At the close of the evidence the defendant requested a directed verdict in its favor, which request was denied. The action of the court in that respect is here assigned as error.

We are of the opinion that the request should have been granted. The driver of the automobile was fully aware of the danger at the point of the collision. He had frequently been over the road. He is supposed to have known

what, if anything, there was to prevent his seeing the motor car at a distance from the crossing. Knowing that the car was due it was his duty to approach the crossing at a speed such that he could stop the automobile before reaching the crossing, if it was necessary to insure his safety.

It is true that a person suddenly confronted with danger is not required to exercise the same judgment as would be expected under other circumstances, and the driver's conclusion to speed up and cross ahead of the motor car need not be made the ground of a finding that he was guilty of contributory negligence.

His negligence upon which we determine the case consisted in what he did or failed to do prior to that time, i. e. his failure to have his car under such control as would have avoided the injury. From his own testimony it appears that he approached within forty feet of the track at a speed which rendered it impossible for him to stop before he reached the crossing. That was negligence which directly contributed to the accident. It is therefore immaterial that the defendant might have been guilty of the negligence charged.

In *Railway Co. v. Crisman,* 19 Colo. 30, 34 Pac. 286, this court laid down the rule that:

"If a railroad crossing is particularly dangerous and requires extraordinary effort to ascertain whether it is safe to attempt to pass over it, one familiar with the locality and danger must use care proportioned to the probable danger."

Under these circumstances it was the duty of the court to direct a verdict for the defendant. *Headley v. D. & R. G. R. R. Co.,* 60 Colo. 500, 154 Pac. 731.

The judgment is therefore reversed with directions to enter judgment for the defendant.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.