No. 10,840.

ATCHISON, TOPEKA AND SANTA FE RAILWAY CO. *v.* PAGE.

Decided July 7, 1924.

Action for damages.  Judgment for plaintiff.

*Reversed.*

1.  RAILROADS—*Collision—Contributory Negligence.*  A truck driver, who had an unobstructed view of a railroad track for a long distance, and who failed to see an approaching train and stop his truck in time to avoid a collision, held guilty of contributory negligence.

2.  *Collision—Proximate Cause.*  Where a truck driver looked in the direction of an approaching train, which was far enough away so that he had time enough to stop before reaching the crossing, failure of the engine crew to sound bell or whistle, held not the proximate cause of a collision.

*Error to the County Court of Arapahoe County, Hon. George W. Dunn, Judge.*

Mr. ERL H. ELLIS, Messrs. ROGERS, JOHNSON & FULLER, for plaintiff in error.

Mr. W. S. McGINTIE, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

PAGE had a verdict and judgment in the Arapahoe county court against the defendant railway company in an action begun before a justice of the peace, for negligence which resulted in a collision and injury to plaintiff's truck.  The court denied a motion for a directed verdict; the company brings error.  The negligence relied on was failure to ring the crossing bell or the engine bell or to blow the whistle.  The facts are undisputed.  The question argued is whether the plaintiff's servant who was driving the truck was, under the evidence, guilty of contributory negligence.  We

think he was, and also that, under the evidence, the negligence proved was not the proximate cause of the collision.

The collision occurred at the Main street crossing in Littleton.  The Santa Fe track, (the defendant's) is there about 150 feet east of and parallel to the track of the Rio Grande road.  The truck was a Ford, loaded, moving east up grade, at five or six miles an hour, had crossed the Rio Grande track and was struck on the Santa Fe track by a north bound train.  At every point in its course between these tracks there was an unobstructed view along them to the south for a long distance, perhaps more than half a mile.  The evidence is that, when at the Rio Grande track, the driver looked south but did not see the train, which must then have been between 500 and 1000 feet away; that at 60 feet from the Santa Fe tracks when the train must have been from 250 to 500 feet distant he looked again but did not see it, and that at 30 feet from the track, when the engine must have been say 125 feet away, he looked a third time and did not see it.  There was even then time and space for him to stop.  Evidence that a man looked down a straight railroad track with open view for the purpose of seeing and failed to see an approaching train 125, 500 or 1000 feet distant is not worthy of consideration.  *D. & R. G. R. R. Co. v. Buffehr,* 30 Colo. 27, 35, 69 Pac. 582.  If the driver, as he testified he did, and as we must therefore assume he did, looked toward the approaching train one or two hundred feet away in time to stop before he reached the crossing, the failure to ring or whistle was not the proximate cause of the mishap.

If the driver had testified that he trusted to hearing the crossing bell, the engine bell or the whistle, and, not hearing any of them, was misled and so did not look, different questions would have arisen.

The judgment is reversed with directions to enter judgment for defendant.

MR. CHIEF JUSTICE TELLER dissents.