## Nos. 10,945, 10,946.

### GUNBY *v.* COLORADO & SOUTHERN RAILROAD CO.

#### Decided April 6, 1925.

Actions against a railroad company for personal injuries sustained in a crossing accident. Judgment for defendant.

### *Affirmed.*

1.  APPEAL .AND ERROR—*Negligence—Assumption.* In an action for personal injuries against a railroad company where a verdict is directed for defendant on the theory of its negligence, and plaintiff's contributory negligence, the reviewing court will assume the failure of crossing signals, and that the speed of the train was, under the circumstances, excessive.

2.  NEGLIGENCE—*Railroad Crossing Accident.* One nearing a railroad crossing who testified that she looked for an approaching train when 85 or 100 feet from the crossing, held guilty of contributory negligence where it was established that at 100 feet from the crossing a train was visible 400 feet away.

3.  RAILROADS—*Crossing Accident—Duty of Traveler.* A traveler approaching a railroad crossing is required to look and listen at a time and place necessary in the exercise of ordinary caution.

4.  NEGLIGENCE—*Railroad Crossing Accident—Jury Question.* In an action for damages for personal injuries sustained in a railroad crossing accident, when the evidence clearly shows that plaintiff would have seen the train had he looked, his statement that he looked but did not see, raises no conflict of evidence to be solved by the jury.

5.  *Railroad Crossing—Duty of Traveler.* Failure of crossing signals or warning of approaching train does not excuse one

approaching a railroad crossing from exercising reasonable care before going upon the track.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. JOHN H. VOORHEES, Mr. M. J. GALLIGAN, for plaintiff in error.

Mr. J. Q. DIER, Mr. J. W. PRESTON, Mr. J. L. RICE, Mr. E. B. EVANS, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error brought these actions against defendant in error to recover damages for injuries sustained by herself, and for the death of her mother, due to a collision of their automobile and defendant's train. To review judgments against her, entered on directed verdicts at the close of her evidence, she brings error.

The collision in question occurred about 12:17 p. m. March 19, 1921, a short distance east of the city of Pueblo, at the intersection of a paved state highway, over which plaintiff was traveling east toward Fowler, and defendant's railway, over which its train approached plaintiff from the right. Plaintiff and her mother were in a closed automobile with the left hand front window open, and were traveling at approximately twenty miles per hour. A strong wind was blowing from the north or northwest. The train approached the intersection at approximately thirty miles per hour, possibly a little more. On a telegraph pole there defendant maintained an electric gong whose ringing was presumed to announce the approach of its trains. No watchman was stationed at the crossing and no other signal device was installed. There is positive evidence that the bell was ringing, that the engine whistle

blew, and that the electric gong was sounding its warning; offset by plaintiff's negative evidence that she did not hear any of these. As the directed verdicts were entered on the theory of defendant's negligence we will assume the failure of these signals, also that the speed of the train was, under the circumstances, excessive. There was at the time no condition of highway or automobile requiring plaintiff's particular attention. She was at the wheel, was an experienced driver, had often passed over this particular road, and knew all the conditions of the crossing, save the fact, if it were such, that the gong was inefficient. She testified that she looked to her right and listened as she approached the intersection; the last time she did so being at a point between eighty-five and one hundred feet from the crossing. On the right of the highway was a bluff from behind which the train emerged. At one hundred twenty-five feet from the crossing plaintiff could have seen the train two hundred fifty-eight feet away; at one hundred feet she could have seen it four hundred feet away; and at seventy-five feet she could have seen it at least seven hundred feet away. She testified that she never saw it at all, and first knew of the collision when she regained consciousness that afternoon in the hospital. As there is no evidence indicating a speed on the part of the train which would have covered the visible distance in so short a time, and as such a speed was, under the evidence, entirely beyond the bounds of reason, it is perfectly apparent either that plaintiff did not look, or looked so carelessly that she took no note of an obvious danger.

"Although it is negligence for a traveler not to look and listen for approaching trains before attempting to cross a railroad track, the law does not undertake to determine whether he shall do so at any particular place or given distance from the crossing. It is only required that he shall look and listen at the time and place necessary in the exercise of ordinary care." *Hecker v. Oregon Ry. Co.,* 40 Ore. 6, 66 Pac. 270.

"The trial court expressly rejected the statement, that

he looked but could not see, as incredible and under the authorities he was required so to do. The law is well settled in this jurisdiction that when the evidence clearly shows that if plaintiff would have seen the train had he looked, his statement that he did look, but did not see, raises no conflict of evidence to be solved by the jury. *Nucci v. C. & S. Ry. Co.*, 63 Colo. 582, 169 Pac. 273.

All the facts which made this a dangerous crossing being known to plaintiff, her failure to look for an approaching train, or take other measures of safety, settles the question of her contributory negligence.

Plaintiff next says that the presence of the electric gong, known to her, and its failure to sound, on which under the circumstances she had a right to rely, was an affirmative act on the part of defendant creating an appearance of safety which lured her into a sense of security, and, under the authorities, was equivalent to the company's invitation to cross and its assurance of absence of danger. Accepting the general rule we think it inapplicable under the circumstances.

"While a railroad company is under no original obligation to place a signal bell or gong at a particular crossing, yet if it has done so, and has maintained the same for a long time, travelers over such crossing have a right to presume, if, upon approaching said crossing, the bell or gong is not ringing, that they may pass over the crossing safely, if, in the exercise of due care and caution, nothing appears to the contrary. * * * But the failure of the company to ring the signal bell at the crossing, or to give other due and proper warning of the approaching train, would not excuse the deceased when approaching the crossing and before going upon the track from exercising reasonable care and caution, such as an ordinarily prudent and careful man would exercise under similar circumstances." *Welch v. B. & O. Ry. Co.*, 7 Penn. (Del.) 140, 76 Atl. 50, 53.

"We think the better rule is that the failure of an electric bell to ring does not relieve one about to cross a rail-

road track of the imperative duty to look and listen before crossing. If he fails to do so, he is guilty of such contributory negligence as will prevent his recovery for any injuries sustained, and there is nothing to submit to the jury." *Jacobs v. A. T. & S. F. R. Co.*, 97 Kan. 247, 154 Pac. 1023, L. R. A. 1916D, 783, Ann. Cas. 1918D 384.

"It is self-evident that, unless excused by the silent signal bell, deceased was grossly negligent, for he neither looked nor listened with the care common prudence required, or, what is more probable, did not look or listen at all   *   *   *.

While there are cases that hold that a silent bell or an open gate may operate to excuse a traveler from looking and listening for an approaching train, and the question should be submitted to a jury under proper instructions, the weight of authority and best reasoned cases are to the contrary." *Headley v. D. & R. G. R. Co.*, 60 Colo. 500, 510-515, 154 Pac. 731.

"Neither open gates nor failure of the railway company to give signals at a railway crossing relieves one about to cross the tracks from the duty to use due care to look and listen for an approaching train." *A. T. & S. F. R. Co. v. McNulty*, 285 Fed. 97, 100, 101.

Finding no reversible error in the record the judgments are affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.