ATCHISON, TOPEKA AND SANTA FE RAILWAY Co. *v.* AINSWORTH, Administrator.

No. 11,630.

ATCHISON, TOPEKA AND SANTA FE RAILWAY Co. *v.* AINSWORTH.

Decided September 20, 1926.   Rehearing denied October 18, 1926.

Actions for damages.   Judgments for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.   RAILROADS—*Automobiles—Collision—Negligence.*   An autoist who drives onto a railroad track in front of an on-coming train which is clearly visible, and while the crossing bell is ringing, is, as a matter of law, guilty of contributory negligence in a resulting accident.

2. NEGLIGENCE—*Railroads—Automobiles.* In an action for damages growing out of a collision between an auto and railroad train, under the facts disclosed, the rule that if defendant has created a condition of apparent security, one who acts in reliance upon it is not negligent, held not applicable.

3.    *Railroads—Automobiles.* An autoist in driving upon a railroad track in front of a visible, moving train, has no right to rest upon the supposition that the train is traveling at a reasonable rate of speed, but must use ordinary care at all times.

4. AUTOMOBILES—*Railroads—Negligence.* An autoist, who in approaching a railroad crossing in front of a visible, moving train, is wholly inattentive to the danger or recklessly resolves to try and reach the crossing first, is guilty of negligence, without which there would have been no collision.

*Error to the District Court of Arapahoe County, Hon. George F. Dunklee, Judge.*

Messrs. ROGERS, JOHNSON & ELLIS, Mr. ERL H. ELLIS, for plaintiff in error.

Mr. HARRY S. CLASS, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THERE were two cases: One by a daughter for the death of her mother; and one by the daughter, as administratrix, for the damage to the mother's auto caused by the alleged negligence of defendant. The plaintiff had judgment in both actions, the defendant company brings them here for review, and claims that the evidence shows contributory negligence as a matter of law. We think the claim is sound.

The mother was killed at the Dartmouth street crossing of the Santa Fe tracks, when the engine of defendant's train struck the machine in which she was driving

alone. She was going east on Dartmouth street, the train north across it. It was dusk, but the headlight was lit and the train itself plainly visible. She drove onto the track in front of the train while it was in plain sight and the electric warning bell at the crossing was ringing. This, as a matter of law, was contributory negligence. *Atchison T. & S. F. Co. v. Page,* 76 Colo. 10, 227 Pac. 840; *Great Western Ry. Co. v. Lee,* 70 Colo. 140, 198 Pac. 270; *Gunby v. C. & S. R. R. Co.,* 77 Colo. 225, 235 Pac. 566.

Defendant in error seeks to avoid this conclusion as follows: The train was moving at 60 miles per hour, a grossly negligent rate, and failed to whistle for the crossing. The deceased stopped 200 feet from the crossing, looked, listened, saw and heard the train so far away that there was ample time to cross, if, as she had a right to suppose, it was approaching at a reasonable speed; that she then, relying on her supposition that the train was moving at a reasonable rate, proceeded at 12 to 15 miles per hour without looking again, but, because of the speed of the train and because it did not whistle for the crossing, was struck at the crossing. The familiar rule is invoked that if the defendant has created a condition of apparent security, one who acts in reliance on it is not negligent. Is that rule applicable here?

Waiving the fact that the evidence does not show that she relied on the reasonable speed of the train, or that she did not look again or that she did not hear the electric bell, as to which matters we express no opinion, and assuming but not deciding that sixty miles per hour and failure to whistle were negligence, we find it shown by undisputed evidence that the deceased went the 200 feet at say twelve miles per hour. That took about eleven seconds. The train, we must assume, was going about sixty miles per hour; it was, therefore, when she started, about 1,000 feet from the crossing. The defendant had done nothing to lull the traveler into a belief in his security. *Headley v. D. & R. G. R. Co.,* 60 Colo. 500,

514, 154 Pac. 731. There was no condition of apparent security, but of manifest danger. One thousand feet is, roughly, two city blocks, 200 feet, omitting the street, is, roughly, half a block; we have then the deceased starting to go half a block to a crossing with an express train coming in plain sight two blocks away and driving that half block without looking again. That was negligence. *Headley v. D. & R. G. R. Co., supra; Denver & R. G. R. Co. v. Ryan,* 17 Colo. 98, 28 Pac. 79. If she looked again, she saw again, yet went on and that was negligence. *Denver & R. G. R. Co. v. Ryan, supra.* If the whistle had been blown for the crossing it would have told her nothing that she did not know. If she was nearer than 200 feet when she started, then the train was nearer, and the case is worse for plaintiff. She had no right to rest on the supposition that the speed of the train would be reasonable, but owed ordinary care at all times which required her to take no chances of an excessive rate. *Headley v. D. & R. G. R. Co., supra,* 509, 512, 514.

We are not overlooking the testimony that when deceased started, the train was half a mile or even 3000 feet away, but that evidence is mathematically irreconcilable with the evidence of the same witnesses as to her speed toward the crossing, since it requires for the train a speed of from 150 to 200 miles per hour. Compare *Gunby v. C. & S. R. R. Co., supra.*

There is, indeed, an alternative conclusion, viz: that these witnesses were right about the distance and speed of the train, say half a mile and sixty miles per hour, but wrong as to the speed of the ill-fated car, but the case is thereby made worse for plaintiff because we then have the deceased, though she has heard and seen and knows of the approaching train, yet moving at the leisurely rate of four and one-half miles per hour for 200 feet, with the train all the time in plain sight, without looking again. In such a case there was ample time for her to stop even when within thirty feet of the track, when she must have known the speed of the train

and that the collision was imminent, the headlight shining across her path.

Her conduct can be explained only in one of two ways, either she was wholly inattentive or recklessly resolved to try to reach the crossing first. In either alternative she was guilty of negligence without which there would have been no collision.

Supersedeas denied and judgment reversed, with directions to enter judgment for defendant.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.