## No. 11,655.

### FREEMAN, ET AL. v. WRIGHT.

Decided April 25, 1927.

Action for damages growing out of an automobile collision with a locomotive. Judgment for plaintiff.

*Reversed.*

1.   AUTOMOBILES—*Railroads—Collision—Contributory Negligence.*   The
  driver of a motor vehicle in nearing a railroad crossing must approach at such speed that he can stop if a locomotive is approaching,
  and his failure to do so will amount to contributory negligence on
  his part which will preclude recovery for injuries received in a resulting collision.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Messrs. SMITH & BROCK, MR. ELMER L. BROCK, Mr.
PHILIP W. MOTHERSILL, for plaintiffs in error.

Mr. B. A. GATES, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

Wright had a verdict and judgment against Freeman
and Boettcher as receivers of the Denver & Salt Lake
Railroad Company, in an action for the collision of an
engine with his automobile truck.

The occurrence was at the crossing of the North Washington road and the railway company's tracks, outside
the Denver city limits.   The plaintiff was familiar with
the crossing, was going south, defendant's engine was
backing west and hit the truck on the crossing.   The neg-

ligence charged is excessive speed, and failure to whistle or ring. The defendant's motion for a directed verdict was denied.

Plaintiffs in error claim that defendant is shown to be guilty of contributory negligence. We think they are right. The case cannot be distinguished ˌfrom *Great Western Ry. Co. v. Lee,* 70 Colo. 140, 198 Pac. 270. There it was held that plaintiff was negligent because he approached within forty feet of the track at a speed that rendered it impossible for him to stop before he reached the crossing. So here the plaintiff testified that because of trees and foliage he could not see, and did not see the engine till he got within five (sic) feet of the crossing; that he then tried to stop but was unable. This defeats him. He should have approached at such speed that he could stop after he saw the engine and if the situation was such that he could not do that he should have stopped before he saw it and looked and listened.

That he was wrong about his inability to see until so near the track is proved by the photographs in evidence, but his case is not thereby helped because it still conclusively appears that he did not keep such control of his machine as is required by *Great Western Ry. Co. v. Lee, supra; Headley v. D. & R. G. Co.,* 60 Colo. 500, 154 Pac. 731, and *Nucci v. C. & S. Co.,* 63 Colo. 582, 169 Pac. 273. See also *Gunby v. C. & S. R. Co.,* 77 Colo. 225, 235 Pac. 566; *A. T. & S. F. Ry. Co. v. Page,* 76 Colo. 10, 227 Pac. 840.

The judgment is reversed with directions to dismiss the case.

Mr. Chief Justice Burke, Mr. Justice Sheafor and Mr. Justice Whitford concur.

*Reporter's Note.* As to duty of an auto driver when approaching a railroad crossing, see *B. & O. R. R. Co. v. Goodman,* decided by the United States Supreme Court, October 31, 1927.