No. 12,071.

SCHNEIDER *v.* INGALSBE.

Decided September 23, 1929.

Mr. EDWARD M. AUSLENDER, for plaintiff in error.

Messrs. MUNSON & BECK, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN this action by plaintiff Clara E. Ingalsbe against defendant William Schneider for personal injuries sustained by her as a result of defendant's negligence in driving an automobile over her, the jury awarded $2,250 actual and $500 exemplary damages, which, approved by the court, passed into a judgment for plaintiff against the defendant in the sum of $2,750. Defendant's negligence in driving his automobile in Interocean avenue, the principal business street in the town of Holyoke, at a reckless and excessive rate of speed, and striking down the plaintiff and running over her prostrate body and inflicting serious injury upon her is conclusively shown by the evidence. Indeed, counsel for the defendant on this review concedes that his client was guilty of actionable negligence, but he says that the plaintiff by her own testimony, as matter of law, is barred from any recovery by reason of her own negligence that contributed to her injury, and this is the only ground relied on for a reversal.

Our attention is called by plaintiff to imperfections in, and omissions from, the record which, by our practice, disentitles a plaintiff in error to a hearing on review of the assignment of errors which he has made and discussed. We shall, however, without intimating our views as to such alleged imperfections, disregard them and determine the controversy upon the merits.

About six o'clock in the afternoon of a day in the month of November, the plaintiff started to walk across Interocean avenue. It was almost dark at the time. Street lights and those in stores were on. The plaintiff was crossing this street about the center of the block at a place provided by the town for travel by pedestrians, a cement sidewalk being placed there, where it had been for about ten years and had been used by citizens as a proper place for crossing. The plaintiff saw the

defendant's automobile, with its headlights burning, down the main street to her right at a distance of about 400 feet. She was walking at the rate of about 4 miles an hour and had about 30 feet to go to get beyond where the defendant's automobile would pass if the driver continued on the same line of travel. The evidence tends to show, and the jury must have found, that the defendant's car reached this sidewalk on which the plaintiff was walking, at a speed of a little more than 40 miles an hour. Because of the darkness then existing the plaintiff could not, as she says, determine how rapidly the car was being driven, but she knew that the town ordinance limited the speed of automobiles on this street to 10 miles an hour. She looked both ways along the street when she started to cross, saw the defendant's car approaching the sidewalk and another car coming from the opposite direction. She did not look again because she assumed and believed, as the jury evidently found, and properly so determined, that she could safely reach the sidewalk which she was approaching, and which ran parallel with the main street, before either automobile would reach the cross walk. However, before she reached the main sidewalk, running parallel with the street and at a right angle with the cement sidewalk on which plaintiff was traveling, defendant's car knocked her down and caused the injuries to her person.

Defendant contends here, as he did below, that plaintiff was conclusively, as a matter of law, guilty of negligence that caused, or directly contributed to, her injury, in that she unlawfully neglected to look again, or repeatedly, after her first sight of defendant's approaching car, and to keep on looking in the one direction until she was out of danger. In the circumstances of this case disclosed by the testimony—where two cars were approaching from opposite directions at the same time—the substance of which testimony, but not the same in its entirety, has been above narrated, we do not think this contention is applicable to the facts, or that such

facts required the court to direct the jury to make a finding, that the plaintiff was guilty of negligence that contributed to or caused the injury, and thereupon to return a verdict for the defendant.

■ The plaintiff had a right to assume, in the circumstances, that the defendant was driving, and would continue to drive, the car at a rate of speed which the town ordinance authorized. And also, at such an hour of the day when darkness was approaching or near at hand, that he would use ordinary care, at least, in driving towards and across a legal and usually traveled sidewalk at a reasonable rate of speed; and that if he had done so she could and would have safely reached the sidewalk on the side of the main street that she was approaching, a distance of about 10 feet, before the defendant could or would reach the sidewalk along which at the time she was traveling, and that he would be on the lookout for travel at this point, and would slacken his speed, or turn his car, so as to avoid a collision with a foot passenger who might happen at the time to be on the cement sidewalk.

Unfortunately defendant did not do so. After his car struck the plaintiff and knocked her down and ran over her, he did not stop to ascertain if she was injured, but continued on his course and later, when he was charged with the injury, denied that he was in the town that night. Of course, this inhuman conduct of the defendant does not necessarily throw any light on the question of plaintiff's contributory negligence, but it tends to show that a dangerous man was driving a car on a town street at a rate of speed which no possible care and caution on the part of one walking on the same street at the same time could safeguard him.

The cases cited by defendant from other jurisdictions, as well as our own, are not in point. His chief reliance seems to be upon the doctrine announced in *Livingston v. Barney,* 62 Colo. 528, 163 Pac. 863; *A. T. & Santa Fe Ry. Co. v. Ainsworth,* 80 Colo. 117, 249 Pac. 641; and

*Denver Tramway Co. v. Gustafson,* 21 Colo. App. 478, 121 Pac. 1015. We do not think these cases are in point. The Ainsworth case is one where a driver of an automobile, in approaching a railroad crossing in front of a visible, moving train, and is wholly inattentive to the danger, and recklessly resolves to try and reach the crossing first, is guilty of negligence as a matter of law. In the Gustafson case the plaintiff was running to reach a street car which was standing upon the westerly of two tracks. When about 25 feet therefrom he saw a car on the easterly track running at a speed which he was not able to estimate. Without looking again he continued running with his head down and collided with the moving car and was injured. There was no necessity for his passing in front of the moving car, but he might have reached the car on the other track which he desired to enter without any loss of time, by allowing the car on the first track next to him to pass in front of him. Our Court of Appeals held that the plaintiff was guilty of contributory negligence as matter of law. In that case the plaintiff did not use his eyes at all. He held his head down so that it was impossible for him to see what he was doing. The railroad company had a preferential right in that part of the street occupied by the track superior to the rights of others. The motorman in that case said there was plenty of time for the plaintiff to reach his car without going in front of the car against which he ran and the car in question, against which he ran, was moving at a slow rate of speed. In the Livingston case one driving a motorcycle upon a highway entered an intersecting street, and without looking at all either to the right or left, collided with a passing auto car, which, if he had been looking, he must have seen. Held, his own negligence was the cause of his injury. In all of these and similar cases relied upon by the defendant, there was but one inference that could be drawn as to the plaintiff's contributory negligence,

270

which was that it was either the sole cause of, or directly contributed to, the injury complained of.

■ In this case, in the light of the evidence, even the most favorable view for the defendant of the evidence on the issue of contributory negligence, is that its force was of such character that it should have been, as it was, submitted to the jury for its finding. The case as made on this issue was not of such a character that only one inference could properly be drawn therefrom and that it was against the plaintiff. A jury might properly, as it did, find that, in the circumstances, the plaintiff's alleged negligence did not cause, or contribute to, the injury, but that the reckless negligence of the defendant alone was the producing cause.

The jury made no mistake we think in its finding and the court was right in its rulings. The judgment is therefore affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.