**DENVER TRAMWAY CORPORATION v. ANDERSEN.**

No. 481.

Circuit Court of Appeals, Tenth Circuit.

Dec. 11, 1931.

W. A. Alexander, of Denver, Colo. (Cecil M. Draper and Gerald Hughes, both of Denver, Colo., on the brief), for appellant.

Wm. H. Scofield, of Denver, Colo. (John J. Morrissey and Chas. T. Mahoney, both of Denver, Colo., on the brief), for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

Anne Andersen brought this action against The Denver Tramway Corporation to recover damages for personal injuries. From a verdict and judgment in favor of plaintiff, defendant has appealed.

The evidence, considered in the light most favorable to plaintiff, established the following facts: Plaintiff was injured as the result of a collision between her and a street car of the defendant at the intersection of Corona and East Sixth Avenues, Denver. Plaintiff resided at 411 Corona Street. Such street runs north and south and is intersected at right angles by East Sixth Avenue. On August 18, 1928, plaintiff left her home and walked north on the east side of Corona Street, intending to board such street car, which was proceeding west on the north side of East Sixth Avenue. There are double street car tracks at such intersection. When plaintiff reached a point three or four steps off the south curb of East Sixth Avenue, she saw the street car, approaching from the east, at a point near the alley between Downing and Corona streets, and raised her right hand as a signal for the car to stop. Plaintiff continued to signal until she reached the south track. She then opened her purse and looked into it to get her car-fare and as she did so continued to walk toward the north track. From the time she ceased signaling, she was engaged in getting out her car-fare and did not again look at the street car. The operator did nothing to indicate that he saw her signal, and she did not know whether he saw such signal. The car was traveling about 25 or 30 miles an hour at the time plaintiff signaled and at the time it struck her.

The operator testified that he did not see plaintiff signal; that at about the time he reached such alley he saw a woman and a boy standing on the north curb of Corona Street, where passengers normally waited to board his car; that when he got within 20 or 25 feet of the woman and boy he sounded his gong to attract their attention that they might indicate whether they wished to board his car or the car coming off Fourth Avenue; that the woman shook her head; that he then released the air, started to speed up the controller, and then saw plaintiff; that she had

her head down and was engaged in looking into her purse; that he turned the controller loose, reached for the gong with his left hand, threw his car into emergency with his right hand, and reached for reverse just as the car struck plaintiff, who had walked upon the north line of tracks; that the emergency gave the car all the air possible and sanded the rails; that the reverse caused a regeneration and locked the wheels; that his speed between the alley and Corona Street did not exceed 12 miles an hour; that the car was stopped about the middle of the intersection; and that plaintiff had not reached the center of the north line of tracks when she was struck. This testimony was contradicted only as to the ringing of the gong and the speed of the car.

Plaintiff was fully acquainted with the surroundings. She had good sight and hearing. There was nothing to prevent her from seeing the approaching car. She saw no other person coming to catch the car and no one waiting for the car.

The defendant pleaded and introduced in evidence the following ordinance of the City of Denver:

"Section 53. Street Cars—Speed. Street cars shall not be run or operated in a reckless or careless manner, and the person in charge of such cars shall operate the same so as not to endanger the life, limb or property of any person, and shall have such cars under control at all times."

"It shall be unlawful to drive such cars faster than 15 miles per hour on the streets named in Section 2, and driving in excess of 25 miles per hour on other streets of the city shall not be considered careful and prudent driving."

"Section 54. Stopping on Signal. When any person signals to have a street car stopped, or in any manner requests a street car to stop at a street crossing, it shall be the duty of the person in charge of such car to bring the same to a full stop to allow passengers to alight from or enter said car."

The petition charged negligence as follows: (a) Excessive speed. (b) Failure to stop the car to permit the plaintiff to enter the same after she had signaled that she desired to board such car as a passenger. (c) Failure to keep a proper look-out for the plaintiff, a pedestrian on the public highway lawfully crossing the defendant's tracks.

In its charge to the jury, the court said in part:

"Then the question is: Was the defendant negligent in the operation of the street car? In considering that, there are several questions for your consideration. First, was the motorman keeping a proper lookout? That is, taking all the surrounding circumstances, should he have seen this lady as she stepped off the curb and raised her hand? If so, how should he have acted as a reasonable and prudent man when he saw her signal? Then, did he ring the gong? There is evidence that he did ring it; that he was looking at a lady and child on the right-hand side who he thought were going to step out in the street to board the car. Then the speed of the car."

To this portion of the charge the defendant excepted on the ground that failure to sound the gong was not pleaded as a ground of negligence. In ruling on this exception, the court said:

"It has not been pleaded as a negligent act. There is evidence both ways on it, and it is your duty to consider it along with other evidence in deciding the case. If you believe they did sound the gong, that was ample warning to this woman which she would not have had if she had not had that warning."

The court denied motions of defendant, made at the close of plaintiff's evidence and also at the close of all the evidence, to instruct the jury to return a verdict for it on the ground that the evidence did not establish negligence on its part, and that such evidence showed plaintiff was guilty of contributory negligence as a matter of law.

While plaintiff's evidence as to defendant's negligence is not very satisfactory, we shall assume for the purpose of this appeal that the street car was traveling at an excessive rate of speed, and that the operator did not maintain a proper look-out.

■ Counsel for defendant contend that the court erred in the above quoted portion of the charge with respect to sounding the gong. This instruction was clearly erroneous. It submitted to the jury a ground of negligence not pleaded in plaintiff's complaint. The statement of the court, in ruling on the exception, did not wholly cure the error. The jury was told to consider the evidence on that point along with the other evidence in deciding the case. In the principal charge, the court had told them it should be considered in determining whether the defendant was negligent.

■ Counsel for defendant further assert that the court erred in denying its motion for

216

a directed verdict. We agree. Plaintiff was clearly guilty of contributory negligence. She did not signal the operator from a point where passengers usually waited to board his car, but from the opposite side of the street. At the time she gave the signal, she must have known that the operator, during some portion of that time, would look at the place where passengers usually waited to board the car to see if any such passengers were waiting there. She did not know that the operator saw her signal, and she had no right to conclude that he did. Without such knowledge, she had no right to assume that the car would stop. She took her eyes away from the approaching car and walked into a place of known danger with no certain assurance that the car would stop. Under the undisputed facts she clearly did not exercise the care which a person of ordinary prudence would take under such circumstances. She was therefore guilty of contributory negligence as a matter of law. Atchison, T. & S. F. R. Co. v. McNulty (C. C. A. 8) 285 F. 97; Gunby v. Colo. & S. R. Co., 77 Colo. 225, 235 P. 566; Allnutt v. Mo. Pac. R. Co. (C. C. A. 8) 8 F.(2d) 604, 606; Baltimore & Ohio R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645; Denver City Tramway Co. v. Cobb (C. C. A. 8) 164 F. 41; Denver City Tramway Co. v. Gustafson, 21 Colo. App. 478, 121 P. 1015.

Counsel for plaintiff place strong reliance upon the case of Alquist v. Memphis Street R. Co. (C. C. A. 6) 287 F. 351. Without approving the doctrine of that case, we think the facts thereof clearly distinguish it from the instant case. There the plaintiff saw a number of persons waiting for a street car at a point where it regularly stopped to pick up passengers, and where the operator would normally and naturally look for passengers and stop the car if any were there. Because of such facts plaintiff assumed the approaching car would stop at that point. In endeavoring to catch the car, he ran in front of it and was struck and injured. Here plaintiff did not see any persons waiting for the car, and, in fact, testified that no one was waiting. She was bound to know that the car would not stop unless the operator saw her signal, and she had no right to assume, under the circumstances, that he did see her signal. At least she should have given ordinary heed to the approaching car before she stepped into a place of known danger.

Reversed and remanded with instructions to grant a new trial.