No. 15,072.

HOGUE ET AL. *v.* COLORADO AND SOUTHERN RAILWAY COMPANY.

No. 15,073.

CURTIS, DOING BUSINESS AS CURTIS OIL COMPANY *v.* COLORADO AND SOUTHERN RAILWAY COMPANY.
(136 P. [2d] 276)

Decided April 5, 1943.

Mr. FRANK E. HICKEY, Mr. CHARLES C. SACKMANN, for plaintiffs in error.

Mr. J. C. JAMES, Mr. J. H. CUMMINS, Mr. J. L. RICE, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties occupy the same relative position here as below and are designated as there, or as plaintiffs, Curtis, and the company respectively. The deceased son of A. C. and Hattie Hogue is referred to as "Hogue."

These cases grew out of the same accident and involve the same law and the same facts, hence they were con-

solidated in the trial court and here. The first is a suit for damages for the death of Hogue resulting from a collision between a truck driven by him, but owned by Curtis, and the company's railway engine, at a street crossing in Denver. The other is a suit by Curtis for damage to his truck. Plaintiffs alleged negligence of the company's servants. This the company denied and charged contributory negligence on the part of Hogue. It counterclaimed for damage to its engine.

The cause was tried to a jury. At the close of plaintiff's evidence the company moved for a nonsuit in each case and ruling was reserved. At the close of all the evidence these motions were renewed and denied. Verdicts in both cases were against the company; in the personal injury case for $4,750; in the property damage case for $1,500 and for Curtis on the company's cross complaint. The company moved for judgments notwithstanding. The verdicts were set aside and judgments entered for the company on plaintiffs' causes of action and against it on its counterclaim. It moved for a new trial on its counterclaim and that motion was denied. To review these judgments against them plaintiffs bring error and the company assigns cross error on the judgment against it on its counterclaim.

The trial court held that the company was negligent but that Hogue was guilty of contributory negligence as a matter of law. Plaintiff's sole assignment is that ruling. The company's four assignments amount to but one, i. e., the adverse ruling on its counterclaim.

There are approximately 850 folios of record, 150 pages of abstract, 185 pages of briefs, and the cause was orally argued here. Much of this was superfluous because, on the undisputed facts, both parties were culpable.

The collision in question occurred about 10:00 a. m. February 12. The engine was traveling at not less than thirty miles per hour in violation of a city ordinance prescribing a maximum of ten. Hogue's truck

was heavily loaded with gasoline. He was intimately acquainted with conditions through constant travel over the same route in the same employment. On that morning all Denver streets were a glare of ice. When he was 520 feet from the crossing, and making at least seventeen miles per hour, the company's warning signal began flashing. He did all he could to stop but failed because of the slippery condition of the street. Hence counsel say he was not negligent. But a city ordinance obliged one driving such a truck so loaded to come to a full stop at this crossing and, beside Hogue's familiarity with locality and conditions, he had traveled more than seven miles from his starting point, hence had actual and impressive warning of the condition of the street. He knew he was approaching a railway crossing where a train might be standing or traveling and knew that in such eventuality, with his speed and load, a crash was probable. His known legal duty was to keep his truck under such control that he could stop. Putting himself in such circumstances that he could not possibly discharge that duty was a thing which no reasonably prudent person would have done and the thing which definitely fixes his negligence. *Great Western Ry. Co. v. Lee,* 70 Colo. 140, 198 Pac. 270; *Freeman v. Wright,* 81 Colo. 397, 255 Pac. 610.

As to the company's cross complaint it would seem sufficient to say that but for the excessive speed of its engine the collision was impossible. However counsel insist that the sole proximate cause of the catastrophe was the slippery condition of the street known to and ignored by Hogue, hence the sole liability for all damage was chargeable to him. In support of that position they rely strongly upon the following: *Lynch v. Penn. R.R. Co.,* 48 O. App. 295, 194 N.E. 31; *Wood v. Wells* (Mo.), 270 S.W. 332. The Lynch case presented an instance of the very gross negligence of the driver of the auto. In the Wood case no ordinance was involved. So far as the reasoning of those two cases is otherwise here applicable

it is contrary to that adopted by us. *Colorado & S. Ry. Co. v. Honaker,* 92 Colo. 239, 244, 19 P. (2d) 759. Therein we also declared the true rule of negligence or no negligence (applicable here both to the company and Hogue), to be "what would an ordinarily prudent person have done under the circumstances as they then appeared to exist."

The company's agents, as well as Hogue, knew, or should have known, the condition of the streets. They were bound to take notice of the "special danger" by reason thereof and act accordingly. *Pokora v. Wabash Ry. Co.,* 292 U.S. 98, 54 Sup. Ct. 580, 78 L. Ed. 1149.

This is simply another of that numerous class of cases where a disastrous wreck is caused by the joint negligence of all concerned and in which recovery can be had by none.

The judgment is affirmed.