No. 18,963.

LAWYERS TITLE INSURANCE CORPORATION *v.* PHILIP FRIEDER, ET AL.
(362 P. [2d] 555)

Decided June 5, 1961.

Mr. FRED M. WINNER, Mr. GERALD M. QUIAT, for plaintiff in error.

Messrs. WILLIAMS, ERICKSON & BROWN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE parties appear here in reverse order of their appearance in the trial court and will be designated as they there appeared.

The writ of error is directed to a judgment awarding plaintiffs $8,000.00 in a suit on a title insurance policy. Motion for new trial was dispensed with. The sole issue is whether $5,000.00 of the $8,000.00 award is supported by the record.

On January 4, 1956, plaintiffs bought property described as Lots 1, 2, 3, 14 and 15, Block one, King-Houston Subdivision, Denver, Colorado, for $50,000.00, and assumed approximately $4,000.00 in special taxes. The property involved is located on West Mississippi Avenue directly south of and across the street from the Athmar Park Shopping Center. Defendant issued its title insurance policy thereon in the amount of $50,000.00. The policy excepted from its coverage a 30-foot Public Service Company easement running 220 feet along the front of the lots on West Mississippi Avenue. The title examiner overlooked an additional right the Public Service Company had acquired to "trim trees or remove obstacles" along an adjacent 15-foot strip.

The easement involved was acquired by the Public Service Company in 1952 for $600.00, at which time the area along the south side of West Mississippi Avenue was in general vacant land extending from Raritan to Zuni Streets. The record indicates that this area has undergone extensive commercial development since that time.

On April 19, 1956, plaintiffs entered into a ten-year ground floor lease with Prudential Insurance Company of America. On August 9, 1956, they filed plans with the building department for a structure extending into the aforementioned 15-foot strip on Lot 15. On August 9, 1956, construction of the building commenced. On August 13, 1956, the additional right held by Public Service Company was discovered and the work was stopped immediately. On October 14 the lease with Prudential was amended to cover the new structure which had to be erected behind the 15-foot strip.

Plaintiffs testified that to provide unplanned for front parking the building had to be moved 26 feet south of its original location in order to allow for and properly utilize the additional 15-foot strip fronting on West Mississippi Avenue, which had to be kept clear of obstruction. When the building was thus relocated, the rear of the building was only 32 feet from the south line of Lot 14. Plaintiff Sternberg, an experienced architect, further testified that such use resulted in a decreased value for the property.

Plaintiff Frieder testified that in his opinion the land, subject to the 45-foot easement which actually existed, was worth no more than $40,000.00, and that he would not have participated in the purchase if he had known that the easement was 45 feet wide instead of 30, as originally indicated. Plaintiff Sternberg testified that in his opinion the value of the property was $33,000.00 with the 45-foot easement, instead of the $54,000.00 which plaintiffs paid for the property, in the belief, based on the contract and title insurance policy, that the easement was only 30 feet wide.

Plaintiffs' qualified appraiser, Arnold, testified that the property, when purchased by plaintiffs, considering the full 45-foot easement, was worth $49,000.00 instead of $54,000.00 it would have been worth if subject merely to the 30-foot easement excepted in the title insurance policy. Defendant's qualified appraiser inferred in his

testimony that the 15-foot strip could be valued at $1,667.00.

■ Defendants urge that the value of the easement should be computed in relation to the price originally paid for it by the Public Service Company which is clearly not a comparable sale. We point out that to do so is to overlook the actual diminution in value to plaintiffs, which is the real question here. Plaintiffs are entitled to consider their property as originally insured by defendant company.

■ Defendants also urge that the trial court based the findings solely on the testimony of plaintiffs' appraiser Arnold and that his figure on loss of value "was speculation based upon guess." Defendants, of course, overlook the rule that if a trial court announces the wrong grounds or incomplete grounds for its decision, nevertheless if proper grounds do exist therefore in the record that it will be affirmed on review. Thus here the proper testimony of the plaintiffs' other witnesses is sufficient to support the judgment even if Arnold's testimony is entirely disregarded, which it need not be in this case under these facts.

Arnold based his testimony on the view that the office building constructed on the property was of necessarily less value because it had to be built further from the main highway than originally planned, due to the additional easement. Based on his knowledge and experience, there being no comparable other guides, he stated the diminution to be $5,000.00.

The trial court chose to accept the testimony of plaintiffs' *several* witnesses which included the owners and awarded plaintiffs $5,000.00 for diminution of value and $3,000.00 for actual expenses caused in relocating their building. Defendant does not question this second element of the award; consequently, the only issue before us is that of the $5,000.00, which defendants claim to be excessive and which, based upon conflicting evidence,

48

the trial court found to be proper. The judgment being amply supported by the record, it will not be disturbed. Affirmed.

Mr. Justice Doyle and Mr. Justice McWilliams concur.