478 P.2d 713 (1970)
Louis and Ida HELLERSTEIN, Plaintiffs in Error,
v.
GENERAL ROSE MEMORIAL HOSPITAL, a corporation, Defendant in Error.
No. 70-357, (Supreme Court No. 23504.)
Colorado Court of Appeals, Div. I.
October 27, 1970.
Rehearing Denied November 17, 1970.
Certiorari Denied January 18, 1971.
*714 Kripke, Hoffman, Carrigan & Dufty, Kenneth N. Kripke, Gelt & Grossman, Louis E. Gelt, Denver, for plaintiffs in error.
Wormwood, Wolvington, Renner & Dosh, Jack Anderson, Denver, for defendant in error.
Not Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
In 1965, Louis Hellerstein, plaintiff in this action, suffered a heart attack and was hospitalized at General Rose Memorial Hospital for treatment. At approximately 11:00 P.M. one evening, he apparently attempted to crawl over the foot of his bed, fell and suffered personal injuries as a result. He brought suit against the hospital for recovery of damages and was joined by his wife who sought to recover for loss of consortium.
At the conclusion of plaintiffs' case in chief, defendant moved for a directed verdict alleging: (1) that even if negligence were present it resulted from the professional judgment of the nurse on duty, and that under the law a hospital is not liable for the failure of a nurse to exercise proper professional judgment; and (2) that plaintiffs' evidence failed to establish a prima facie case of negligence on the part of the hospital.
The trial court agreed with defendant's first contention above mentioned and dismissed plaintiffs' suit. Defendant now concedes that Bernardi v. Community Hospital Association, 166 Colo. 280, 443 P.2d 708, decided subsequent to this trial is controlling. In Bernardi, supra, our Supreme Court decided that under such circumstances, a hospital cannot escape liability by claiming that the acts complained of as negligence were acts of professional judgment of one of its employee nurses.
Even conceding that the trial court dismissed plaintiffs' suit on incorrect grounds, defendant contends that the judgment should be affirmed since plaintiffs had failed to establish a prima facie case of negligence against defendant.
The law is clear that merely because the trial court dismissed the case on the wrong grounds is no reason to overturn its judgment, if that judgment is in fact correct. Lawyers Title Insurance Corp. v. Frieder, 147 Colo. 44, 362 P.2d 555; Denver-Albuquerque Motor Transport, Inc. v. Galligan, 145 Colo. 71, 358 P.2d 28.
We have reviewed the record and conclude that the evidence, taken in the light most favorable to plaintiffs' position, would not sustain a verdict in their favor. For this reason we hold that, even though dismissal was upon erroneous grounds, the ultimate judgment of the trial court was correct and should be affirmed.
*715 In so holding, we recognize the rule that in order to direct a verdict against plaintiffs at the close of their case in chief, the evidence must be reviewed in the light most favorable to them, drawing all legitimate inferences in their favor, and resolving all matters pertaining to credibility in their favor. Lee v. Missouri Pacific Railroad Co., 152 Colo. 179, 381 P.2d 35. Using such standards as a basis for our review, we find the record to be absent a prima facie showing of negligence on the part of the nurse on duty, from which would flow defendant's liability. Bernardi, supra.
Negligence is the deviation by defendant from the reasonable standards of care owed the plaintiff, which naturally and foreseeably results in injuries to the plaintiff. It is a failure to act as a reasonably prudent person would under the same or similar circumstances. Anderson v. Hudspeth Pine, Inc., 10 Cir., 299 F.2d 874: Hogue v. Colorado & Southern Railway Co., 110 Colo. 552, 136 P.2d 276. In the instant case, the defendant hospital was under a duty to exercise reasonable diligence in protecting patients undergoing treatment in its facilities. St. Lukes Hospital Association v. Long, 125 Colo. 25, 240 P.2d 917.
Where from the evidence presented, if but one reasonable conclusion might be reached as to the issue of negligence, it is a question of law to be answered by the court. Schaffner v. Smith, 158 Colo. 387, 407 P.2d 23.
Plaintiffs' argument is that by failure to put foot rails in place, the defendant hospital breached the duty owed to the patient, which breach proximately caused the injuries complained of.
We cannot agree with this argument. The facts show that plaintiff, a man of advanced age, was admitted for treatment of a heart attack. As was standard practice in the case of patients of plaintiff's age, side rails were put in place. No evidence was produced to indicate that the hospital should have anticipated that the patient would attempt to leave the bed in such a maneuver. As noted above, the duty owed the patient is that of reasonable care and safeguarding. St. Lukes Hospital Association, supra. A hospital cannot be an absolute insurer of the safety of its patients, but rather must use such reasonable care as would prevent foreseeable injuries from occurring.
Liability for one's actions must be judged in the light of the circumstances and possibilities apparent before the accident occurred, and is not determinable by looking back to see how the defendant might have prevented the injury. McMillan v. Hammond, 158 Colo. 40, 404 P.2d 549.
Plaintiffs failed to present any evidence that prior to this accident defendant should have been alert to the possibility that future harm would result from not putting the foot rails in place, or that, under the circumstances then existing, defendant had a duty of placing these rails at the foot of the bed.
Judgment affirmed.
SILVERSTEIN, C. J., and DUFFORD, J., concur.